SESSIONS v. GIBSON.

No. 11851.

Court of Civil Appeals of Texas. Galveston.

Jan. 16, 1947.

Guinn & Guinn, of Rusk, for appellant.

No brief filed for appellee.

CODY, Justice.

This is a plea of privilege case.

Appellee, hereafter called plaintiff, sued appellant, hereafter called defendant, in the county court of Trinity County, alleging in substance: that defendant resides in Cherokee county; that about April 5, 1946, plaintiff was the owner of the standing commercial pine timber on the land in Trinity County described in his petition; that on or about said date plaintiff and defendant made a verbal contract by which plaintiff sold to defendant the aforesaid timber which was by defendant to be cut and manufactured into lumber, and to the paid for at the rate of $5.00 per thousand board feet; that defendant has cut the aforesaid timber, and manufactured same into lumber, and the amount thereof at the agreed rate amounted to $300.00; that defendant is justly indebted to plaintiff in the sum of $300.00.

Defendant seasonably filed his plea of privilege to be sued in the county of his residence. And plaintiff filed his controverting affidavit, and asserted therein that the allegations of his petition show, and that it is a fact, that he sued defendant to recover damages for the cutting of growing timber by defendant upon plaintiff's

land situated in Trinity County, within the meaning of Subd. 14, R.C.S. Art. 1995.

The court, trying the contest without a jury, rendered judgment overruling the plea of privilege from which judgment this appeal is prosecuted. Defendant seasonably requested the filing of conclusions of fact and law. And pursuant thereto, the court found as facts, so far as we deem material:

1. That plaintiff became the owner of the standing commercial pine timber upon the land described in his petition in virtue of a timber deed, dated ————, 1945, in virtue of which he had the right to cut and remove the timber therefrom within two years from the date thereof.

5. That in April or May, 1946, plaintiff and defendant orally contracted that defendant should cut and remove the aforesaid timber, and manufacture same into lumber, and that plaintiff should be paid therefor at the rate of $5.00 per 1000 board feet for the lumber so manufactured. That measured by the agreed price therefor, defendant, having cut and manufactured said timber into lumber, owes plaintiff the sum of $300.00.

The court concluded as a matter of law that since the timber was located in Trinity County, and there cut, that venue was fixed in Trinity County under Subd. 14 of R.C.S. Art. 1995; and further, that the contract sued on was valid.

Defendant predicates his appeal upon two points:

1. Plaintiff's action being predicated upon a contract to purchase timber, was one for debt, and not for damages to land.

2. The evidence established as a matter of law that defendant had the contractual right to cut the timber in question, and plaintiff failed to establish any right for damages to timber on plaintiff's land in Trinity County, within the meaning of Subd. 14, R.C.S. Art. 1995.

These points must be sustained.

Opinion

Plaintiff here relies on Subd. 14, Art. 1995, R.C.S., to hold venue in Trinity County; it reads:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases * * *

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

This is no such case as Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995. The plaintiff in the cited case sought to recover damages for cutting and removing standing timber, which the defendant had no legal right to cut. The standing timber of course formed a part of the realty, and the cutting thereof without any right constituted an injury to land so that a suit to recover damages therefor would come within Subd. 14. But in this case it is made to appear by plaintiff's allegations and proof that the defendant here had the contract right, indeed the duty, to cut and remove the timber in question. And this suit was brought to enforce the payment of the purchase price alleged to be due for timber sold to defendant by plaintiff. Under no theory which occurs to us can this suit be said to come within Subd. 14, and plaintiff has filed no brief herein. It is too well settled to require the citation of authority that even a suit to enforce the payment of purchase money notes given for land does not fall within the aforesaid subdivision.

The judgment of the trial court is reversed and here rendered that defendant's plea of privilege be sustained, and the cause is ordered transferred to the county court of Cherokee County.

Reversed and rendered.