**KIMBELL et al. v. ROBERTS et ux.**

No. 4966.

Court of Civil Appeals of Texas.

El Paso.

Dec. 16, 1953.

Rehearing Denied Jan. 6, 1954.

Freels, Elliott & Nall, Sherman, for appellants.

Harry J. Baker, Warner Evans, Sherman, for appellees.

HAMILTON, Chief Justice.

William James Roberts and wife, Betty Jean Roberts, instigated this suit in the District Court of Grayson County against G. T. Kimbell and C. J. Bohner, seeking primarily a recovery for damages to land located in Grayson County. Each of the defendants below filed a plea of privilege, asking that the cause be transferred to Wichita County, the residence of each of the defendants. Plaintiffs controverted the pleas of privilege, and the matter was heard before the court. From the judgment overruling the pleas of privilege of defendants, G. T. Kimbell, and C. J. Bohner have appealed.

Plaintiffs allege that they were the owners of the following described property located in Grayson County, Texas, to-wit:

Being the west one-half of Lot 12 and 13, Block No. 7 Highland Park Subdivision out of the S. McLaughlin Survey of Grayson County, Texas;

that they executed an oil and gas lease covering said property to the defendant G. T. Kimbell and C. J. Bohner as lessees; that said lease provided that said property could be unitized with other lots in said Block 7; that said lease further provided that lessees would not drill on the plaintiffs' lot; that later a well was drilled on an adjoining lot about ten feet from plaintiffs' property line; that defendants caused excavations for slush pits to be made on plaintiffs' land and caused drilling machinery to be placed on said land for the drilling of the well on the adjoining lot and that plaintiffs were damaged thereby. Plaintiffs introduced in evidence their original petition and their controverting affi-

davits, and offered proof that the land in question was located in Grayson County, Texas, and also offered proof of what the damages to the land consisted. There was no direct proof that the defendants or anyone acting by their authority committed the acts causing the claimed damage.

Appellants, who were the defendants below, predicated their appeal upon one point of error, as follows:

"There was not sufficient competent evidence before the trial court on the plea of privilege here to support its action overruling appellants' pleas of privilege."

Appellants' main argument on this point is appellees' failure to prove by a preponderance of the evidence that appellants personally or by or through their agents acting in the scope of their authority committed any of the acts causing the claimed damage. In other words, appellants maintain that appellees must prove at least prima facie that defendants are liable for the damages.

Section 14, Art. 1995, Vernon's Ann.Civ. St., which is relied upon by appellees to defeat the pleas of privilege, as applicable here

"Suits for the recovery of land or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie."

In the case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, the Supreme Court denominated as "venue facts" what is required to be proved to maintain venue as against a plea of privilege, and has defined them as:

"those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

It appears from the language of Subdivision 14 that there would be two facts to be proved—first, that the suit is for recovery of land or damages thereto; second, that the land or part thereof lies in the county where the suit is pending, thus it seems if it is the law that the additional fact of liability of defendant must be proved then such additional requirement has been engrafted onto the Subdivision by judicial construction, and not by the Statute itself. Some Courts of Civil Appeals, construing Subdivision 14, have held that plaintiff, in addition to proving that the suit is for damage to land and that the land or part thereof is located in the county where the suit is pending, must prove, at least prima facie, that the defendant is liable for the damages. Talco Asphalt & Refining Co. v. McCann, Tex.Civ.App., 149 S.W.2d 150; Fordyce Gravel Co. v. Springs, Tex.Civ.App., 79 S.W.2d 1111; Hoover v. Horton, Tex.Civ.App., 209 S.W.2d 646. Numerous Courts of Civil Appeals decisions construing Subdivision 14 support the action of the trial court here in overruling defendants' pleas of privilege. Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217; Holmes v. Jackson, Tex.Civ.App., 200 S.W. 2d 276; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518; Ross v. Martin, Tex.Civ.App., 225 S.W.2d 220, mandamus refused; Longhorn Trucks. v. Bailes, Tex.Civ.App., 225 S.W.2d 642 (mandamus refused); Pickens v. Harrison, Tex.Civ.App., 231 S.W.2d 812; Stephenville Production Credit Ass'n v. Rockwell, Tex.Civ.App., 250 S.W.2d 476. The Supreme Court has never engrafted onto Subdivision 14 the rule that in suits for recovery of damages to land the truth of the allegations as to damage to the land or as to defendant's liability therefor, is a venue fact. On the contrary, we think that the opinion of the Supreme Court in the case of Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 71, holds otherwise. In construing Subdivision 14, Art. 1995, it is held in that case that only the two venue facts stated in the Subdivision were required to be proved and in so holding the court uses this language:

"'Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required.'"

Therefore, the plaintiffs, having proved, first that the suit was for a recovery of damages to land; and second, that the land is located in Grayson County, Texas, there was nothing more required of them to prove, and the trial court properly over-ruled the defendants' pleas of privilege.

The judgment of the trial court is affirmed.