J. W. MARSHALL, Appellant,

v.

R. J. McMURREY et al., Appellees.

No. 3296.

Court of Civil Appeals of Texas.

Eastland.

May 31, 1957.

Rehearing Denied June 21, 1957.

Donald & Donald, Bowie, for appellant.

Turpin, Kerr & Smith, Midland, for appellees.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. R. J. McMurrey and others brought suit in Coleman County against A. R. McNutt and J. W. Marshall, dba Marshall Pipe Line and Supply Company. Plaintiffs alleged that they were owners of a mineral interest and leasehold estate in a described tract of land in Coleman County, Texas, and of certain personal property and equipment used in connection with the lease; that defendants removed or destroyed the described personal property to plaintiffs' damage in the sum of $2,088.75; that defendants unlawfully and negligently plugged or caused to be plugged an oil well located on their lease and ruined and destroyed the oil well to plaintiffs' damage in the sum of $4,500. Plaintiffs sought to recover the damages alleged to have been sustained. J. W. Marshall filed a plea of privilege to be sued in Montague County, the place of his residence. Plaintiffs timely filed their controverting affidavit denying the allegations in defendants' plea of privilege, verifying the facts alleged in their petition and alleged that the suit was maintainable in Coleman County, under Subdivisions 14, 9 and 9a of Article 1995, V.T.C.S. After hearing, the plea of privilege was overruled and J. W. Marshall has brought this appeal.

Subdivision 14 of Article 1995, in so far as it is material, is as follows:

"Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie."

 The basis of appellees' contention that the trial court was correct in overruling Marshall's plea of privilege is that the nature of this suit is one for damages to land as contemplated by Subdivision 14. Appellees alleged that an oil well located on the mineral leasehold in Coleman County belonging to them was destroyed by the unlawful and negligent acts of Marshall. A mineral estate in land is an interest in land and damage to such an estate is damage to land. Appellees' petition, therefore, alleged damage to land and sought to recover therefor. We overrule the contention presented in appellant's first and second points that this suit does not involve damages to land. Natural Gas Distributing Corporation v. Williams, Tex.Civ.App., 292 S.W.2d 353. It is not material that recovery is also sought for damages to personal property. Rogers v. Scaling, Tex.Civ.App., 285 S.W.2d 259.

We overrule appellant's contention that the court erred in overruling the plea of privilege because appellees, as plaintiffs, failed to prove ownership of the land involved and to show that damages to land resulted from the alleged acts of J. W. Marshall or his agent. Appellees were not required to establish their title in the venue hearing. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. Nor were they required to establish that defendant was liable for the damages alleged, other than by the allegation of their petition. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428.

Appellees have proved the venue facts required to bring this suit for recovery of damages to land within the contemplation of Subdivision 14. (1) They introduced in evidence their original petition and their controverting affidavit to appellant's plea of privilege, which adopted in full their original petition. Appellees' petition al-leged a cause of action against appellant for wrongful damage to their land. This established the nature of the suit. (2) They established the location of the land by the introduction of evidence to the effect that the mineral leasehold and the oil well in question were located in Coleman County. The court, therefore, properly overruled Marshall's plea of privilege and held venue to lie in Coleman County. 43 Tex.Jur. 846; Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217; Kimbell v. Roberts, Tex.Civ.App., 264 S.W.2d 763 (Writ Dis.); Advanced Exploration Company v. Spires, Tex.Civ.App., 256 S.W.2d 247 and cases cited therein.

The judgment of the trial court is affirmed.