**C. R. BUTLER et al., Appellants,**

**v.**

**Eleuterio LOPEZ et al., Appellees.**

**No. 11080.**

Court of Civil Appeals of Texas.

Austin.

May 1, 1963.

Rehearing Denied May 22, 1963.

Perkins, Floyd, Davis & Oden, Lloyd, Lloyd & Dean, Alice, for appellant.

Mann, Fisher & Castillon, Laredo, for appellee.

HUGHES, Justice.

This appeal is from an order overruling the pleas of privilege of appellants C. R. Butler and L. L. Williams to have this suit transferred to Jim Wells County, the county of their residence, and overruling the plea of privilege of appellant J. B. Vassey to have the suit transferred to Bee County, the county of his residence.

The residences of appellants were stipulated as indicated, and the location of the land involved was stipulated to be in Zapata County, the county of suit.

Appellees Lauro Lopez, Independent Executor of the Estate of Eleuterio Lopez, deceased, and Eva Pena de Lopez, seek to sustain the order of the Trial Court under the provisions of Subd. 14, Art. 1995, Vernon's Ann.Civ.St. providing, in substance, that suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, must be brought in the county where the land is located.

Under this subdivision the only essential venue facts to be established are (1) the nature of the suit (2) the location of the land. The nature of the suit is established by examination of the pleadings and is a question of law for the Court. If they reflect a suit coming within the class of suits named in this subdivision no additional evidence as to its nature and no evidence establishing the cause of action alleged is required. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428.

Appellees' controverting affidavit adopted, and made a part of it, their first Amended

Original Petition which was the current pleading when the hearing below was held.

This petition alleges that on June 16, 1943, Eleuterio Lopez owned in fee 1280 acres of land in Zapata County and that on such date he and his wife, Eva Pena de Lopez, executed and delivered an oil and gas lease on such land to Stanley G. and Clyde C. Marshall and Don H. Marsh. It was alleged that such lease was modified by an agreement with J. B. Vassey on December 1, 1959, when Vassey owned such lease, a copy of such amendment being attached to the petition. The fee ownership of such land was alleged to have remained in Mr. Lopez until his death and that Mrs. Lopez succeeded to such title under her husband's will.

The First Count of such petition alleges, "Plaintiffs suing under the provisions of the Declaratory Judgment Act as set out in the Revised Civil Statutes of Texas allege that in their opinion the above described oil, gas and mineral lease, as amended, has heretofore expired by its own limitations in that at the present time neither oil, gas nor other mineral is being produced therefrom in paying quantities. However, it is the position of the defendants that such lease has not expired by its own limitations and is still in force and effect."

In their Second Count, Appellees alleged, "That independent of the cause of action declared upon in such foregoing First Count and regardless of whether such oil, gas and mineral lease is now in force and effect, defendants C. R. Butler, L. L. Williams and J. B. Vassey, jointly and severally, are liable to plaintiffs in damages in the following amounts by reason of the hereinafter set out facts, namely: * * *"

Following the above allegation are several lettered paragraphs in which specific allegations are made for the recovery of damages. In paragraph b, it is alleged:

"b. Referring to Subparagraph B. of Paragraph 7 of Exhibit B Plaintiffs allege that since December 1, 1959 two additional wells have been drilled on the above survey; that it was necessary in connection with drilling each of these to place a slush pit on such land; that each of such slush pits has heretofore dried out but Defendants have failed and refused to fill such slush pits and restore the land to substantially the same condition in which it was prior thereto to Plaintiff's damage in the sum of $100.00."

The Exhibit B, referred to, is the agreement or amended lease made with J. B. Vassey, and subparagraph 7B provides, "As to all slush pits which may hereafter be placed on such land Lessee agrees, as same dry out, to fill same and restore the land to substantially the same condition to which same was in prior thereto."

Appellees alleged in paragraph c:

"c. Referring to Subparagraph C of Paragraph 7 of Exhibit B Plaintiffs allege that said Defendants have not used reasonable care and diligence in holding to a minimum the damage to above land from salt water, but on the contrary have caused additional lands in such Survey to be damaged by salt water to the extent of 28.56 acres to Plaintiff's further damage in the sum of $1713.60 being on the basis of $60.00 an acre called for in such Subparagraph C."

By Sub-paragraph C of Paragraph 7 of Exhibit B, lessee agreed "to use reasonable care and diligence in holding to a minimum the damage to the above land from salt water." It was agreed that lessee should pay lessor $50.00 per acre for lands rendered unfit for grazing purposes. In the event the parties could not agree on the quantity of land so affected, then arbitration was provided.

Appellees alleged in Paragraph d:

"d. That by reason of the failure and refusal of defendants to comply with the requirements of such Sub-

paragraph C Plaintiffs have also been damaged an additional $1500.00 by reason of salt water being permitted to run into a fresh water tank used for watering livestock on such land making the water in such tank so salty that the cattle cannot drink same."

In Paragraph e it was alleged:

"e. That at the present time there are only three wells on such lease which are producing any oil, which oil is not now in paying quantities; that the Defendants Butler and Williams are negligently operating such lease in that they only have a man go to such lease about every third day who only remains on the lease for a short time. That on May 18, 1962 when such wells were not attended by anyone the large metal tank from which the production of oil and salt water (mostly salt water) is pumped from such wells became full and started overflowing, thereby discharging on said land of Plaintiffs large amounts of salt water and of oil thereby further damaging the said lands of Plaintiffs. * * *

In this connection Plaintiffs further allege that the size and strength of the retaining walls of such salt reservoir are such that there are liable to be additional breaks therein at any time, particularly as a result of a heavy rain or rains, which heavy rains are likely to occur during the next few weeks, to plaintiff's further damage in the amount of $1700.00."

In Paragraph·f it was alleged:

"f. That each of the acts of commission and omission herein alleged constitute negligence on the part of defendants, and each is a proximate cause of the injuries and damages herein complained of."

The prayer of the petition was for a declaratory judgment to the effect that the lease had expired for non-production and

for its cancellation as a cloud on the fee title, and for damages.

It is our opinion that venue was properly laid in the county of suit and that the order appealed from should be affirmed.

■ The term "damages to land" as used in Sub. 14 of Art. 1995, means "an injury to the possession, or to the freehold or estate." Knight v. Houston & T. C. Ry. Co., 93 Tex. 417, 55 S.W. 558. It is evident from the allegations of appellees' petition which we have copied that injury to the freehold from salt water is pleaded, and we do not understand appellants to controvert this. It is their contention, as to this, that the suit is in personam since it is based upon a contract (amended oil and gas lease), and, hence, is not a suit for damages to land. To sustain this position, appellants rely upon Houston Lighting & Power Co. v. Jenkins, 5 S.W.2d 1030, 1031, by this Court, and Batex Oil Co. v. La Brisa Land & Cattle Co., 352 S.W.2d 769, San Antonio Civil Appeals, writ dism.

In Jenkins this Court held that a suit on contracts conveying an easement for an electric transmission line which authorized the destruction of trees necessary to the purposes of the easement and obligating the assignee to pay damages therefor was a suit in contract and not a suit for damages to land, the Court saying, " * * * the damages to the trees do not arise from tort, but arise solely from and under express terms of the contracts, which fix the damages agreed upon at the reasonable value of the trees destroyed or injured."

The above decision is undoubtedly correct. No act of negligence was averred. The easement owner had a contractual right to cut and injure the trees. No tort was committed. The sole question in that case was the amount of damages under the contract, and such case is not in point here.

Neither is the decision in Batex applicable here on the point being discussed. That suit did not involve a claim for dam-

ages for injury to the freehold estate or to the land.

 A breach of contract may be tortious. Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, Liles v. Winters Ind. School District, 326 S.W.2d 182, Austin Civil Appeals. In Montgomery Ward the Supreme Court quoted, with approval, the following from 38 Am.Jur., Sec. 20, p. 662:

"A contract may create the state of things which furnishes the occasion of a tort. The relation which is essential to the existence of the duty to exercise care may arise through an express or implied contract. Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract. In such a case, the contract is mere inducement creating the state of things which furnishes the occasion of the tort. In other words, the contract creates the relation out of which grows the duty to use care. Thus, a person who contracts to make repairs can be held liable for his negligence in doing the work. * * * The sound rule appears to be that where there is a general duty even though it arises from the relation created by, or from the terms of a contract, and that duty is violated, either by negligent performance or negligent nonperformance, the breach of the duty may constitute actionable negligence."

Under these authorities, it is our opinion that appellees have well pleaded a cause of action for damages to land negligently caused by appellants within Sub. 14 of Art. 1995, the contract, amended lease, constituting the occasion for the commission of the tort.

 Appellants' last point is that since the lease contained a provision for arbitration of any dispute regarding the amount of land rendered unfit for grazing by reason of salt water produced under the oil lease, that no cause of action is stated by appellees since they have not pleaded compliance with this provision.

This is a defensive matter which has no pertinency to the issue of venue, the sole issue before us. Tex.Jur., Vol. 43–B, Venue, Sec. 152, p. 365. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810.

We express no opinion on other grounds advanced for sustaining venue in the Court below.

The judgment of the Trial Court is affirmed.

Affirmed.