Carl E. CALVERT, d/b/a Calvert's Termite Control, Appellant,

v.

Mary WELCH, Appellee.

No. 7504.

Court of Civil Appeals of Texas.

Texarkana.

June 11, 1963.

Gordon Wellborn, Houston, Phenix & Keeling, Henderson, for appellant.

Law Offices of Tom Bankhead, Carthage, for appellee.

CHADICK, Chief Justice.

This is a venue case. The trial court's order overruling a plea of privilege is affirmed.

Carl E. Calvert, doing business as Calvert Termite Control, was sued by Mary Welch, a widow, in a District Court of Panola County, Texas. In her original petition Mrs. Welch alleged that she was the owner of a *lot and the house situated thereon in Carthage, Panola County*, and that the house was damaged by an explosion caused by Mr. Calvert in the course of his application of an insecticide on the premises. In pleading a measure of damages, Mrs. Welch also alleged the value of the "land and premises immediately prior to damage", and the value of the "land and improvements thereon" immediately after damage.

Mr. Calvert plead the privilege accorded him by the general rule of venue, Art. 1995, Vernon's Ann.Tex.St., of being sued in the county of his residence, which he alleged to be Rusk County. Mrs. Welch controverted his plea, and claimed the venue of her suit properly lay in Panola County by the terms of Subdivision 14,[a] Art. 1995. The controverting affidavit adopted her original petition, and alleged that Mr. Calvert "caused and allowed damage and injury to the residence and home and land * * * situated in Carthage, Panola County, Texas."

On the hearing of the plea of privilege Mrs. Welch testified that her residence was 116 North Adams Street, Carthage, Panola County, and that the *property involved in her suit* is at such address, and has been her home and residence since she acquired it April 4, 1962, a date prior to the time Mr. Calvert allegedly inflicted damage upon the property.

Mrs. Welch's original petition clearly states a cause of action for damage to a house situated upon land owned by her. The remaining venue fact she is burdened with proving is that the alleged damaged property is land located in Panola County. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428; Marshall v. McMurrey, Tex.Civ.App., 303 S.W.2d 811, W/R.; 32 Texas Law Review 617, 1 (McDonald) Texas Civil Practice 378, Sec. 4.12 (pocket part supplement).

Mr. Calvert tacitly recognizes the foregoing statement of the burden of proof as correct, but makes this contention: "The petition bases the lawsuit solely upon alleged damage to the frame house which was occupied by plaintiff as her place of residence. No damage is plead as to the real estate, and none was here sought to be proved." Later he sums up his objection to the trial court's action with this argument: "* * * there is not one line of evidence showing any damage to realty, showing any ownership of real estate in the plaintiff, showing that her residence is a permanent part of the real estate, or in any other manner showing that this suit is based upon damage to real estate or land." His brief then reduces the scope of his contention to the absence of (1) evidence that Mrs. Welch's house is a permanent part of the land it is located upon, and absence of (2) evidence of ownership of the land to bring his appeal within the compass of the only two authorities cited in his brief: Holly v. Craig, Tex.Civ.App., 334 S.W.2d 586, N.W.H.; and Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ. App., 185 S.W.2d 165, N.W.H. These two cases held that suits for damage to struc-

---

a. "14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

tures erected upon land did not come within the purview of Subdv. 14, Art. 1995, in the absence of proof that the land belonged to the owners of the damaged buildings.

 Mr. Calvert's contention, (1) in the paragraph next above, respecting the absence of proof that Mrs. Welch's house was a part of her land is devitalized by the presumption, arising in the absence of evidence to the contrary, that a house located upon land is regarded as a part of the land. Cleveland v. Milner, 141 Tex. 120, 170 S. W.2d 472, N.W.H.; Clark v. Clark, Tex. Civ.App., 107 S.W.2d 421, N.W.H.; Bedford v. Moore, Tex.Civ.App., 244 S.W. 565, N.W.H.; Counts v. Dobbs, Tex.Civ. App., 235 S.W. 716, N.W.H.; "Fixtures", 25 Tex.Jur. (2) 396, par. 5; "Real Property", 35 Tex.Jur. 886, par. 2; "Fixtures", 36A C.J.S. § 26 p. 676. It has been held in a case of similar nature that the plaintiff was not required to plead in specific terms that the destruction of a house constituted damage to the land on which it was situated. Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856. Also in this type action it is said that where ownership of a house and the land on which it stands is shown to be in the same person as in Mrs. Welch's case, the house is to be treated as a part of the land in determining the damage the owner is entitled to recover in an action for the partial or total destruction of the structure. Pacific Express Co. v. Lasker Real-Estate Ass'n, 81 Tex. 81, 16 S.W. 792.

As to the complaint (2) in the second paragraph above, attention is directed to the previous recitation where it is shown the allegations of Mrs. Welch's original petition stated that she owned a lot and the house situated thereon in Panola County, and alleged the value of such land and premises immediately before and after damage thereto, and her testimony that the property described in her original petition is her home and the property involved in her lawsuit. The only evidence offered upon the questions shows that Mrs. Welch owned both the lot and the house located upon it which she occupied as her home. Ownership is not an issue in a plea of privilege hearing in the case. See Marshall v. McMurrey, supra.

The pleadings filed and the proof made authorized Mrs. Welch to bring her suit in Panola County pursuant to Subdivision 14, Article 1995. The trial court correctly overruled Mr. Calvert's plea of privilege. The appellant's points of error are overruled, and the judgment of the trial court is affirmed.