WEST TEXAS OXYGEN COMPANY,
Appellant,

v.

WES–TEX PIPE COATING, INC., Appellee.

No. 3838.

Court of Civil Appeals of Texas.

Eastland.

Nov. 1, 1963.

Rehearing Denied Dec. 6, 1963.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellee.

COLLINGS, Justice.

This is a plea of privilege case. Wes–Tex Pipe Coating, Inc. brought suit in Scurry County against West Texas Oxygen Company for damages to plaintiff's building and its contents. Plaintiff alleged the damages resulted from a fire and that the cause of the fire was negligently bottled acetylene or oxygen. Defendant filed its plea of privilege to be sued in Lubbock County, the place of its residence. Plaintiff filed a controverting affidavit alleging the negligence exception to the venue statute, to-wit, subdivision 9a of Article 1995, Vernon's. Ann.Tex.Civ.St. After hearing defendant's plea of privilege was overruled and this appeal is from that judgment.

Appellant urges points contending that the court erred in overruling its plea of privilege because appellant contends that appellee (1) failed to prove a cause of action against appellant, (2) failed to prove that any act or omission of negligence occurred in the county where the suit was filed, (3) that there was no evidence, or in the alternative (4) insufficient evidence that any act or omission of negligence was committed by appellant (5) because the doctrine of res ipsa loquitur may not be relied upon as a basis for maintaining venue and in addition that appellee failed to show facts to bring the case within that doctrine, (6) that there was no evidence or in the alternative (7) insufficient evidence to show that any act of negligence by appellant, its servant, agent or representative proximately caused appellee's injuries, (8) because there is no pleading by appellee claiming venue in the county where suit was brought under the provisions of subdivision 14 of Article 1995, V.A.T.C.S., (9) because there is no pleading of facts necessary to bring the case within the provisions of said subdivision 14 and (10) because there is no proof of facts to bring the case within the provisions of subdivision 14, and that on the contrary, the evidence shows that under the facts of the case the provisions of subdivision 14 do not apply.

The venue facts which appellee Wes-Tex Pipe Coating, Inc. had the burden to establish to maintain venue in Scurry County under subdivision 9a of Art. 1995 were (1) that an act or omission of negligence occurred in Scurry County; (2) that such act or omission was that of appellant, or of its servant, agent or representative, acting within the scope of his employment; and, (3) that such negligence was the proximate cause of the fire and resulting damage to appellee's property. In support of the judgment it must be presumed that the court found that appellee established the existence of every venue fact alleged in its pleadings and supported by evidence.

The evidence shows that the building in question and the equipment therein were destroyed by fire. Appellee contends that the fire was caused by the explosion and ignition of oxygen or acetylene bottles manufactured by appellant. Appellee alleged and contends the evidence shows that appellant was guilty of the following acts or omissions of negligence which separately or collectively caused the fire and resulting damage to said building: (1) In bottling said acetylene and/or oxygen gas in such a manner as to permit leakage of said gas from the valve or other orifice of said containers; (2) In failing to warn plaintiff of the inherently dangerous effect of heat and other climatic conditions on said containers and gas; (3) In failing to incorporate additional protective gas expansion mechanisms on said containers to allow for the expansion of said gas; (4) In inserting an excessive amount of gaseous substance into said containers thus preventing natural and non-dangerous dissipation; (5) In placing said containers in a storage position which was unsafe and dangerous in view of the prevailing climatic conditions; (6) In delivering to plaintiff's premises a container of acetylene and/or oxygen gas which was leaking gas from the valve or other orifices thereof.

It is undisputed that appellant West Texas Oxygen Company's place of residence is and was at all times material hereto in Lubbock County; that appellant was there engaged in the manufacture and sale of oxygen and acetylene gas. A. E. McMurry, also of Lubbock, was a retail oxygen, acetylene and welding supply distributor and was one of appellant's customers. The evidence shows that the oxygen and acetylene involved was manufactured by appellant in Lubbock County and then placed in bottles and tanks; that said oxygen and acetylene was purchased by McMurry from appellant and was delivered to McMurry in Lubbock County; that such oxygen and acetylene was then sold by McMurry to appellee, and that McMurry per-

sonally delivered same to appellee's place of business in Snyder on June 2, 1960, which was the date of the fire. No representative of appellant was with McMurry when the delivery was made.

In our opinion appellee has not established the venue facts necessary to maintain venue in Scurry County under the provisions of subdivision 9a, supra. There is no evidence that appellant is guilty of any act or omission of negligence in Scurry County proximately causing the fire and resulting damage. In Leonard v. Abbott, (Tex.Sup.Ct.), 366 S.W.2d 925, it was held that a suit for damages based on the theory that negligent acts in one county caused damage in another county could not be tried in the county in which the damage resulted by reason of subdivision 9a of Art. 1995. Actually there was no evidence that appellant did or omitted to do anything in Scurry County, unless it can be said that McMurry was appellant's agent, servant or employee. Appellee contends that McMurry was such an agent, servant or employee but we cannot agree with that contention. The evidence does not show such an agency or employment, but on the contrary shows that the only relationship between the parties was that of buyer and seller. McMurry owned and operated his own business and owned the truck used in his business, upon which the name "A. E. McMurry & Company" was shown. He purchased the truck with money he borrowed from a bank. McMurry had two employees. He paid his own self-employment taxes. He bought oxygen and acetylene from appellant and sold it to his customers at his own prices; bought his tanks from appellant on an open account, got a weekly statement from appellant on Saturdays which he paid the following Monday. The evidence further shows that McMurry had a contract with appellant giving him an exclusive franchise in the Snyder area on the oxygen and acetylene manufactured by appellant. McMurry testified that appellant gave him no directions or instructions as to the details of his business and further testified that ap-

pellant did not share any of the profits or losses of his business. There was no evidence to the contrary. The only connection shown between the two companies was that McMurry bought such gases from appellant, and there was a contract between them under which McMurry had an exclusive franchise in the Snyder area.

In 2 C.J.S. Agency § 2j. (1), page 1033, it is stated:

"Whether a particular contract creates an agency to sell real estate or creates the relation of vendor and purchaser depends on the intention of the parties. If it is intended that title shall pass, the relation is that of vendor and purchaser, while if no interest in the property is given, but the contract merely empowers one to bind the owner of it by making a contract to sell it to another, it is an agency."

The case of Noblitt v. Barker, et al., Tex. Civ.App., 97 S.W.2d 1010, (Error Ref.), is likewise authority for the proposition that if a contract between parties creates the relation of vendor and purchaser, that is, if it contemplates the passing of title between the parties to the contract then there is no relationship of agency. In the instant case, the contract provided that none of its provisions should be construed to constitute McMurry the agent for appellant. Nothing in the contract showed the relationship of agency or employment. There was no provision empowering McMurry to bind appellant to sell its products to others or to represent appellant in making such sales. The contract contemplated only that McMurry would purchase the products from appellant and that he would then sell them to others. This created the relationship of buyer and seller and not of agency. Certain conditions and terms were imposed on McMurry in the agreement authorizing him to sell appellant's products. By the terms of the contract McMurry agreed not to solicit sales of appellant's products in any other territory, to return all cylinders and containers to appellant and to pay for any

loss or damage thereto, to pay demurrage for tardy return of cylinders, to maintain a record of the location of such cylinders, to charge demurrage against his, (McMurry's) customers for the tardy return of cylinders, to charge for all gases sold at a price FOB McMurry's warehouse and a reasonable charge for delivery, to pay all amounts due under the contract at appellant's office in Lubbock, not to use intoxicating liquor to excess during the terms of the contract, to buy his entire requirements of oxygen, acetylene, et cetera, from appellant and it was further agreed that appellant might terminate the contract at its discretion at any time. These provisions are simply a part of the contract which provides for the sale of property by appellant so that title thereto would pass to McMurry, and contemplate that he in turn would sell to others. The control imposed upon McMurry by these provisions are not inconsistent with the relationship of buyer and seller and do not show A. E. McMurry was an agent, servant or employee of appellant.

■ Appellee also contends that this is a suit for recovery of damages to land and that venue therefore lies in Scurry County under the provisions of subdivision 14 of the venue statute. Subdivision 14 provides, in effect, that suits to recover damages to land must be brought in the county where the land or a part thereof is situated. The question of venue under subdivision 14 is determined by the nature of the suit as shown by the plaintiff's pleadings. In the instant case appellee's pleadings show that damages are sought for the destruction of a building maintained by appellee in Scurry County, Texas. Buildings may or may not be a part of the realty upon which they are located. The allegations of plaintiff's pleadings do not show that the building in question was a part of the realty. Appellee's pleadings do not show his ownership of either the building or the land upon which it was situated. The only allegation was that plaintiff "maintained" the building. There was evidence to the effect that appellee owned the building and that

the land upon which the building was located was leased. As heretofore indicated in determining venue under subdivision 14 of the statute we look only to the allegations of the plaintiff's pleadings. The allegations of appellee's pleadings showed neither ownership of the land upon which the building was situated or that such land was leased to appellee, or if leased the intentions of the parties concerning the status of the building. Appellee's pleadings did not show a suit in the nature of one to recover damages to land and therefore venue can not be sustained in Scurry County under the provisions of subdivision 14, Article 1995, V.A.T.C.S. Holly v. Craig, Tex.Civ.App., 334 S.W.2d 586; Rogers v. Fort Worth Poultry & Egg Company, Tex.Civ.App., 185 S.W.2d 165.

For the reasons stated the judgment is reversed and the cause is remanded with instructions to transfer the case to the District Court of Lubbock County.