Charles B. JONES, Appellant,

v.

Al TETTERTON, Jr., et al., Appellees.

No. 16630.

Court of Civil Appeals of Texas.

Fort Worth.

April 2, 1965.

Rehearing Denied April 30, 1965.

Garrett & Garrett, and Rufus S. Garrett, Jr., Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, and Robert A. Watson, Fort Worth, for appellees.

MASSEY, Chief Justice.

This is an appeal from an order overruling a defendant's plea of privilege. The question decisive of the matter of venue is whether the plaintiff's suit is grounded in tort or in contract; i. e., is *ex delicto* or *ex contractu*. In the belief that the suit was one which plaintiffs, under their pleadings, were entitled to prosecute as a tort action the trial court entered an order retaining venue.

Judgment reversed. Cause ordered transferred.

Plaintiffs, Al Tetterton, Jr., et al., were owners of realty. Defendant Charles B. Jones was in the "earth moving" business. The defendant had a contract with a third person, pursuant to the accomplishment of which he needed a location upon which he could dump earth excavated from the premises of said third person. With objective thereof the defendant approached plaintiffs. The parties agreed, orally, that defendant could place the earth upon plaintiffs' premises. Defendant's promise in consideration thereof, according to plaintiffs, was that he would "finish out" plaintiffs' land by terracing it so that it would not wash out or otherwise erode, would cover it with topsoil and plant grass and trees.

According to plaintiffs the defendant obtained all the advantages for which he contracted, in that he used their land to dispose of all the earth he needed to dump but then abandoned the premises without performing the "finish out" work promised. At least it is our conclusion that the evils or wrongs on the part of the defendant, of

which plaintiffs complain, wholly rest in non-tortious "sins of omission". It necessarily follows that plaintiffs' cause of action is grounded in breach of contract. Though having relation to land, that breach was not such as could have caused damage to plaintiffs' land, but rather could only have been such as failed to enhance its value. Defendant's actions prior to the breach, which we presently assume did damage the plaintiffs' land, were done and performed according to agreement and with full knowledge and consent of plaintiffs. For that reason they must be treated as non-tortious.

Under the controverting affidavit to the defendant's plea of privilege, the plaintiffs sought to retain venue in the county where suit was filed under Vernon's Ann.Tex. Civ.St., Art. 1995, "Venue, general rule", Subdivision 14, "Lands". Thereunder it is made mandatory that: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ In the tests to be applied in the determination of venue under the subdivision a court does not consider whether the plaintiffs can sustain the cause of action alleged. That question is not pertinent as a venue fact. There being no question but that the land is located in the county of suit, the only remaining venue fact to be determined is whether the suit is for damage done to that land.

■ Our duty is to determine what cause of action is alleged. In the usual case that question is settled by reference to the plaintiff's petition alone. But what of the situation where there is undisputed parol evidence placed of record from the lips of a plaintiff, himself, in a case where resort thereto must be made in order to determine whether the nature of the suit is for dam-

ages because of breach of contract, or is a suit for tortious damages to the land itself? Under "due order of pleading" a defendant's plea of privilege is to be filed before the time for any attack upon the sufficiency of the plaintiff's petition (to state a cause of action). In any event a defendant may "waive" such an attack. Under Texas Rules of Civil Procedure, rule 90, "Waiver of Defects in Pleading", it is provided that every defect, omission or fault in a pleading, either in form or substance, is waived in the absence of pertinent motion or special exceptions. If plaintiff's petition does not establish the nature of his cause of action, it would be proper for him to show such by testimony on the hearing of a defendant's plea of privilege, though he relies upon Subdivision 14. If a plaintiff is entitled to do so in an instance where the nature of his cause of action is not established by his pleadings, a defendant would have the correlative right to refute the plaintiff's contentions by cross-examination, though in the course thereof it be established that the nature of the cause of action was other than what is claimed.

■ Where there would be basic ambiguity or uncertainty precluding proper construction of the nature of a plaintiff's cause of action unless resort be had to evidence, we believe it is proper to consider such in the determination of the question. At least this would be true if its form lies in the plaintiff's admission or his stipulation.

In such a situation the condition is like unto that existent in a contractual cause of action where a construction of contract is necessary. There are cases where parol evidence has been introduced in venue cases under Subdivision 14. See McDonald, Texas Civil Practice, p. 373, et seq., "Venue", § 4.22, "Art. 1995(14). Suits for Land, etc."; Sessions v. Gibson, 199 S.W. 2d 303 (Galveston Tex.Civ.App., 1947, no writ hist.); Talco Asphalt & Refining Co. v. McCann, 149 S.W.2d 150 (Texarkana

Tex.Civ.App., 1941, no writ hist.); Kimbell v. Roberts, 264 S.W.2d 763 (El Paso Tex. Civ.App., 1953, writ dism.); Broyles v. City of Leonard, 337 S.W.2d 151 (San Antonio Tex.Civ.App., 1960, no writ hist.). Furthermore, in Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 71 (1945), it was stated that one of the "venue facts" to be proved under the provisions of Subdivision 14 would be that the cause of action asserted was within the Subdivision. As previously indicated the plaintiff's petition is usually sufficient proof in itself.

The sole point of error presented on the instant appeal is that the suit in the trial court was for the breach of an alleged oral contract rather than for damages to land, and as such did not come within the purview of Subdivision 14 of Art. 1995. The first portion of plaintiffs' petition clearly alleges a cause of action for breach of contract. Plaintiffs apparently concede the fact. However, our attention is directed to the plaintiffs' allegations made in the alternative, substantially as follows: "* * * the defendant, Charles B. Jones, d/b/a Charles B. Jones Construction Company, did enter upon the property of the Plaintiffs, remove trees and vegetation, deposited rock and subsurface soil upon such property, *and then wilfully and negligently* abandoned the property without depositing topsoil nor planting trees or other vegetation nor undertaking other necessary acts to protect this property from erosion by wind and water and that as a proximate consequence, Plaintiffs' property has been severely damaged." (Emphasis supplied.)

Analysis of the above leads us to the conclusion that the plaintiffs have successfully alleged that the defendant "wilfully and negligently" breached some character of duty owed plaintiffs in the "abandonment" of plaintiffs' premises *in that he failed* to do something thereto or thereon in connection with improving it, protecting it from the force of the elements of nature, etc. If the complaint is because of some affirmative acts amounting to tort in connection with the removal of trees and vegetation, the deposit of rock and subsurface soil thereon, etc., such venue fact could not be determined from the petition itself. It is not specifically alleged that such affirmative acts were wrongful. Furthermore, it cannot be determined from the petition's allegations of "sins of omission" whether such were in derogation of some duty the defendant owed the plaintiffs independent of contract.

In order for us to determine the nature of plaintiffs' cause of action, therefore, it was essential that we have something more than the petition itself. We find that what is needed was supplied by plaintiffs in the form of evidentiary admissions. The plaintiffs tendered and presented the testimony of one of their number, the actor and agent in the premises for all of them. It was on cross-examination by counsel for the defendant that facts clarifying the nature of the cause of action were presented.

The witness testified that all the affirmative acts done and performed by the defendant were pursuant to agreement and consent of the plaintiffs, with expectation by plaintiffs that defendant would do and perform other affirmative actions upon the property. Indeed, it was asserted that plaintiffs' contentions were based upon the claim that the defendant had failed to perform according to incumbent obligations grounded in contract. This evidence established that the affirmative acts under scrutiny were not claimed to be tortious, either wilful or negligent, and such affirmative acts were eliminated as the gravamen of plaintiffs' complaint.

The witness further testified that all of the defendant's omissions mentioned in the plaintiffs' petition as "wilful and negligent" were omissions to perform acts which plaintiffs contend were defendant's contractual obligations. The duty of per-

formance, if existent, would merely constitute breach of contract in every respect alleged. In other words plaintiffs' right, if any, to have performance by the defendant in no wise existed independent of contract. The defendant's wrong, if any, was not one which disturbed any legal right of the plaintiffs or violated any duty imposed by the law upon the defendant.

As applied to the question of a proper measure of damages, very interesting hypotheses are suggested. This is not a simple case such as one where a defendant has damaged appurtenances or removed a portion of the land itself, etc., where the simple measure of damages common to tort actions would be appropriate. To consider as appropriate a measure of damages different from that usually and customarily applied in instances of breach of contract would be difficult. In this connection, and also generally, an interesting text is to be found in 1 C.J.S., p. 1100, et seq., "Actions", § 46, "(Contract and Tort)—Mode of Determination", § 47, "—Principles governing Choice of Remedy", and § 49, "—Particular Actions (including c. Negligent breach of contract, and d. Injuries to realty)."

The plaintiffs have placed strong reliance on the holding of the case of Ross v. Martin, 225 S.W.2d 220 (Eastland Tex. Civ.App., 1949, application for mandamus overruled). Therein the court held that the suit was for damages to land. The allegations of plaintiff's petition in that case advanced the contention that the defendant had been guilty of negligence in connection with the performance of active contractual duties. In the case before us the allegations material to our consideration relate to an omission to perform an active contractual duty. We do not believe the authority is in point.

Judgment of the trial court is reversed. The cause of action is ordered transferred to the District Court of Wise County, Texas.