**PERMA SEAL OF TEXAS, INC.,**
Appellant,

v.

**Evans LOVELACE, Appellee.**

**No. 5385.**

Court of Civil Appeals of Texas,
Waco.

Jan. 16, 1975.

Weil, Craig & Fischman, P.C., Christopher M. Weil, Dallas, for appellant.

Elliott & Nail, Sherman, for appellee.

## OPINION

JAMES, Justice.

This is a venue case. Plaintiff-Appellee Evans Lovelace sued Defendant-Appellant Perma Seal of Texas, Inc., for damages for breach of contract concerning repairs to the roof of Plaintiff's home located in Grayson County, Texas. Defendant Perma Seal filed its plea of privilege requesting transfer of said cause to Dallas County, Texas. The trial court entered an order overruling Defendant's plea of privilege, from which order Defendant Perma Seal appeals. We affirm.

Plaintiff's pleadings alleged among other things that by contract in writing dated October 17, 1972, Defendant Perma Seal agreed to furnish labor and materials for, and to prepare a "leak free covering" for the roof of Plaintiff Lovelace's home located in Sherman, Texas, for which the parties agreed that Plaintiff Lovelace should pay $1380.00. The contract also provided that Defendant agreed to "prepare roof, seal valleys, drive down loose nails, remove all gutters and place at back of house, (and) cover entire wood part of house."

Plaintiff's petition alleged that soon after the execution of the contract, Perma Seal and its agents, employees, and representatives went upon Plaintiff's property and applied a sealing compound to the wooden shingle roof of Plaintiff's home, for which Plaintiff paid the Defendant the $1380.00 as agreed upon. Plaintiff further alleged that at the time Defendant applied the sealer or roofing compound, Plaintiff's roof was in good repair, but within ten

weeks following Defendant's work on the roof, said roof began to disintegrate and fall apart, and that said roof was damaged beyond repair as a result of the acts and work of Defendant Perma Seal on the place; that due to large amounts of rain falling, Plaintiff was forced to put a new roof on his home at a cost to Plaintiff of $602.00; that although Plaintiff had made repeated demands upon Defendant to pay him for his damages in the amount of $1982.00, Defendant at all times failed and refused to repay Plaintiff for his damages. Plaintiff prayed, among other things, for judgment against the Defendant in the amount of $1982.00 and costs.

After Defendant Perma Seal filed its plea of privilege asking the case to be transferred to Dallas County, Texas, its legal residence, Plaintiff Lovelace controverted under Sections 5 (contract in writing) and 14 (Lands) of Article 1995, Vernon's Annotated Texas Civil Statutes.

As stated, the trial court after hearing evidence entered its order overruling Defendant's plea of privilege, from which order Defendant Perma Seal appeals.

Defendant-Appellant Perma Seal asserts error of the trial court in overruling Defendant's plea of privilege, saying Plaintiff failed to allege and prove sufficient facts to sustain venue in Grayson County under either section 5 or section 14 of Article 1995, V.A.T.C.S. We hold that Plaintiff by his pleadings and proof successfully defeated Defendant's plea of privilege under section 14; therefore it is not necessary to discuss Defendant-Appellant's point of error regarding Section 5.

Our Supreme Court has held that in a case such as the one now before us, the plaintiff must establish two venue facts under Section 14 in order to maintain venue in Grayson County, to wit: (1) That his suit is for recovery of damages to land, (and that Plaintiff's pleadings may be looked to in order to determine this venue fact), and (2) that the land lay in Grayson County, Texas. Piazza v. Phillips (1954) 153 Tex. 115, 264 S.W.2d 428; Cowden v. Cowden (1945) 143 Tex. 446, 186 S.W.2d 69.

In the case at bar, Plaintiff's pleadings and testimony unquestionably showed a cause of action for damages to land, and the evidence without dispute showed that Plaintiff was the owner of the home in question and that said home (a house and lot) was located in the City of Sherman, Grayson County, Texas. In this state of the record, Plaintiff-Appellee Lovelace had done all that the law required of him to defeat Defendant-Appellant Perma Seal's plea of privilege. We therefore affirm the trial court's judgment overruling Defendant-Appellant's plea of privilege.

Affirmed.