**JIM PFAU TIRE, INC., Appellant,**

v.

**Joann CHAPA, et al., Appellee.**

**No. 01–81–0731–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1982.

Judy B. Underwood, Austin, for appellant.

Harry C. Arthur, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

WARREN, Justice.

This is an appeal from an order overruling appellant's plea of privilege.

On June 21, 1980, Ignacio Espinosa was driving his Dodge van on a freeway, when the right rear wheel came off the van causing Mr. Espinosa and the passengers to be tossed about the van and injured.

Four days prior to the date of the accident, Mr. Espinosa purchased four tires which were mounted on the van by employees of appellant.

Suit was filed in Harris County by Mr. Espinosa and the passengers, who were Adelmira Espinosa, Joann Chapa and her two minor children, Gloria and Ramon Chapa. All of these plaintiffs are appellees herein.

Appellant filed a plea of privilege, a portion of which reads as follows:

Defendant, JIM PFAU TIRE, INC., is a corporation certified under the laws of the State of Texas and duly authorized to do business in every county in the State of Texas. The principal office of the corporation is in Florence, Williamson County, Texas. Defendant, in filing this plea, is asserting venue under and by virtue of Sections 9a of Article 1995, Revised Civil Statutes of Texas.

Appellant's plea of privilege then recites that plaintiff's petition seeks to recover for personal injuries sustained as a result of negligent acts committed by appellant in Nueces County and then urged that venue be maintained in Nueces County by virtue of Art. 1995, (9a), V.A.C.S. Nowhere in the plea of privilege does appellant suggest or allege that venue would be proper in the county of its principal office in Williamson County; nor does appellant allege that its residence is in Williamson County.

 Tex.R.Civ.P. 86 permits a plea of privilege to be sued in the county of one's residence or to be sued in a county other than its residence if venue is made mandatory by a particular subdivision of art. 1995. Certain of the subdivisions of art. 1995 such as 14, 16, 17, 18, 19, 20, 22, 25, 29 and 30 are mandatory ones; the remaining subdivisions are classified as permissive. *Mossberg & Sons, Inc. v. Sullivan*, 591 S.W.2d 952 (Tex.Civ.App.—Austin 1979, no writ). If a suit is brought under the provisions of any of the mandatory subdivisions referred to above, the defendant is entitled to have the case transferred to the county provided for in such mandatory provision, regardless of the defendant's residence, upon the filing of a proper plea. *Lewis v. Gulf, C. & S.F. Ry. Co.*, 229 S.W.2d 395 (Tex.Civ.App.—Galveston 1950, writ ref'd).

However, no such right exists where the suit alleges a cause of action for which venue is provided under a permissive subdivision of art. 1995. *Mossberg & Sons, Inc. v. Sullivan*, supra.

After a hearing, the court made findings of fact and conclusions of law. One of the court's conclusions of law read in part: "The Defendant did not specify any specific statutory provision that would be of mandatory venue in Nueces County, the only provision designated was Rule 9a of art. 1995 which is not a specific venue statute but rather an exception to general venue rule."

▪ We hold that appellant's failure to either allege that it was entitled to have the suit transferred to its county of residence, or pray for its transfer thereto, constituted a waiver of its right to have the cause transferred to Williamson County.

▪ We further hold that since Subdivision 9a, art. 1995 is a permissive exception to the statute, the court correctly overruled appellant's plea of privilege to have the case transferred to Nueces County.