Michael W. MILNER and Janet C. Milner, Appellants,

v.

Bonnie Joye FITCH, Attorney Ad Litem for Bart Allen Mazac, a Minor; Jerry J. Mazac, and Mazbel Enterprises, Inc., Appellees.

No. 01–82–0133–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 3, 1983.

---

Harold B. Elsom, Houston, for appellants.

Henry P. Giessel, Bonnie Joy Fitch, Houston, for appellees.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from the district court's order granting appellees' plea of privilege

---

and transferring the cause of action from Harris County to Austin County, where appellees reside.

Appellants filed suit in Harris County seeking damages for personal injury and property damage caused by a motor vehicle striking their home. They charged appellees with negligent entrustment of the vehicle to the person driving when the collision occurred. In the district court, appellants relied on § 9a and § 14 of Article 1995, Tex.Rev.Civ.Stat.Ann., to place venue in Harris County. On appeal, appellants rely solely on § 14, arguing that the trial court erred in ruling that their pleadings failed to establish venue in Harris County under that section.

Article 1995, § 14 states:

No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases:

14. LANDS—Suits for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may be.

██ Section 14 is a mandatory subdivision. *Jim Pfau Tire, Inc. v. Chapa,* 630 S.W.2d 805, 806 (Tex.App.—Houston [1st Dist.] 1982, no writ). Appellants had the burden of establishing by a preponderance of the evidence the two requirements necessary to bring a case within the scope of subdivision 14: 1) the nature of the suit must be within the terms of the statute; and 2) the land must be situated in the county in which venue is claimed. *Calvert v. Welch,* 369 S.W.2d 840 (Tex.Civ.App.—Texarkana 1963, no writ). The determination of the nature of the suit is a question of law to be determined by the court from allegations of the plaintiff's petition and controverting affidavit. *King v. Pittsburgh Des Moines Steel Company,* 389 S.W.2d 99 (Tex.Civ.App.—Eastland 1965, no writ).

██ Appellants, in their first amended original petition and in their controverting affidavit, allege that they owned the land, premises, and improvements in Harris County, Texas, where the cause of action arose. They allege that their garage and home, which were in part destroyed, were land and attached improvements owned by them in Harris County. In the absence of contrary evidence, a house is presumed to be a part of the land on which it is located. The allegations reflect a claim for damage to an interest in land, which is the principal subject of the suit, and show that appellant's home and garage were part of that land. *Calvert v. Welch, supra,* controls this case. See also *Holly v. Craig,* 334 S.W.2d 586 (Tex.Civ.App.—Fort Worth 1960, no writ); *West Texas Oxygen Co. v. Wes-Tex Pipe Coating, Inc.,* 373 S.W.2d 284 (Tex.Civ. App.—Eastland 1963, no writ). We hold that appellants have met their burden of proof. Since § 14 is a mandatory provision, appellants are entitled to have this case tried in Harris County, regardless of the residence of the defendants in Austin County. *Jim Pfau Tire, Inc., supra,* 630 S.W.2d at 806.

The district court's order transferring the case to Austin County is vacated and set aside, and the cause is remanded for trial to the 125th District Court of Harris County, Texas.