William M. SMITH, Appellant,

v.

George K. REID, Appellee.

No. 05–82–01384–CV.

Court of Appeals of Texas, Dallas.

Sept. 12, 1983.

Frank M. Gilstrap, Hill, Heard, Oneal, Gilstrap & Goetz, Arlington, for appellant.

Joe Chumlea, Phalen, Chumlea & McQuality, Dallas, for appellee.

Before STOREY, GUILLOT and STEW-ART, JJ.

GUILLOT, Justice.

This is a case in which Smith contends that Reid failed to sustain venue in Dallas County under both the Deceptive Trade Practices Act and under subdivision 14 of the general venue statute, Tex.Rev.Civ. Stat.Ann. art. 1995 (Vernon 1964). Because we hold that Reid did meet the requirements of subdivision 14, we affirm.

Reid owned a lot in Dallas County on which he planned to build a house. His deed restrictions required that the foundation be designed by a structural engineer, and so the general contractor engaged Smith, a resident of Tarrant County, to draw the plans. Thereafter the plans were approved and the house completed. It is conceded that Smith never entered upon or had any direct contact with the lot located in Dallas County.

After the Reids moved into their house, they began to experience troubles. Among others, a portion of the rear lawn slid into the alley; the ground dropped from beneath the perimeter foundation wall at the rear of the house; a gap opened between the chimney and the base of the fireplace; cracks appeared in the ceiling; sliding doors became misaligned; and a discontinuity appeared between two flights of steps.

Reid sued Smith for damages to the land as a result of Smith's alleged breach of implied warranty that the plans were fit for the purposes for which they were intended. He also sued for alleged violations of Tex. Bus. & Com.Code Ann. §§ 17.46(b)(5), (7),

(12), and 17.50(a)(2) (Vernon Supp. 1982–1983).

This is a case of first impression. The issue is whether the alleged breach of an implied warranty—with no physical contact with the land—that results in damage to land is within the venue exception contained in Tex.Rev.Stat.Ann. art. 1995(14) (Vernon 1964). That subdivision provides:

Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

In determining venue under subdivision 14, the only essential venue facts to be established are the nature of the suit and the location of the land. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1954); *Butler v. Lopez,* 367 S.W.2d 868 (Tex.Civ.App.—Austin 1963, writ dism'd.). There is no dispute that the land lies in Dallas County.

Smith contends that subdivision 14 applies only to causes of action which sound in tort and that Reid's suit is for breach of contract and, thus, cannot be within the ambit of subdivision 14. Smith is correct in his assertion that suits for breach of contract are not for damages to land falling within the exception of subdivision 14. *Jones v. Tetterton,* 389 S.W.2d 505 (Tex.Civ. App.—Ft. Worth 1965, no writ). The rationale supporting this rule is apparent—if this suit is grounded in contract, it is not a suit for damages to land, but a suit for damages for breach of contract. The underlying question, then, is: Does a suit for breach of an implied warranty sound in contract or in tort? The answer to that question is found in studying the historical development of the doctrine of implied warranty.

A careful analysis of the development of the doctrine of implied warranty reveals that it grew out of the general form of action known as "trespass on the case" and was a species of such action known as "trespass on the case for deceit." The doc-

trine first arose in cases dealing with the sale of food. There the implied warranty had no basis in contract but was based squarely upon the public policy of protecting public health. The doctrine preceded by a century the action of special assumpsit, the forebearer of modern contract law. It had no necessary contractual underpinnings and was based solely on an obligation imposed by law rather than by the express language of the contract between the parties.[1] In short, the basis and genesis of the doctrine of implied warranty was grounded in tort and not in contract. *Humber v. Morton,* 426 S.W.2d 554 (Tex.1968).

We hold that Reid's suit for breach of implied warranty is one for tortious damage to land in Dallas County, and the trial court was correct in overruling Smith's plea of privilege. We affirm.

STEWART, Justice, concurring.

I concur in the result reached by the majority but disagree with the reasoning. The majority relies on *Jones v. Tetterton,* 389 S.W.2d 505 (Tex.Civ.App.—Fort Worth 1965, no writ) and assert that subdivision 14 of article 1995 applies only to causes of action which sound in tort. They misconstrue the holding in that case. The *Jones* court faced the issue of whether plaintiff there was suing for damages for breach of the contract between the parties *or* for damages to the land. The court correctly held that the gist of plaintiff's cause of action was for damages originating from a breach of contract and, therefore, subdivision 14 did not apply. The contract-tort distinction was dictum.

In ascertaining the applicability of this subdivision of the venue statute to the instant case, the determining factor is not whether the suit sounds in contract or tort, but whether the gravamen of the complaint is to recover for damages to the land. *Butler v. Lopez,* 367 S.W.2d 868, 869 (Tex.Civ. App.—Austin 1963, writ dism'd). For ex-

ample, in *Perma Seal of Texas, Inc. v. Lovelace,* 518 S.W.2d 447 (Tex.Civ.App.—Waco 1975, no writ), plaintiff sued in Grayson County for *breach of contract* for damage to the roof of his house located in that county; the court upheld venue in Grayson County under subdivision 14.

In the instant case, Reid's original petition alleges a cause of action for damages to his house arising from breach of implied warranty. Damage to a house is considered damage to land under subdivision 14. *Calvert v. Welch,* 369 S.W.2d 840, 842 (Tex.Civ. App.—Texarkana 1963, no writ); *Ward & McCullough v. Mobley,* 250 S.W.2d 948, 949 (Tex.Civ.App.—Fort Worth 1952, no writ). Furthermore, it is undisputed that the house is located in Dallas County. Thus, Reid has met his burden to establish venue in Dallas County under subdivision 14 of article 1995. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1954); *Perma Seal of Texas, Inc.,* 518 S.W.2d at 448.

---

1. For a concise discussion of the nature of implied warranty and actions thereon, see *Jacob E. Decker & Sons, Inc. v. Capps,* 139 Tex. 609, 164 S.W.2d 828 (1942). Chief Justice Al-

exander gives such a lucid analysis of the doctrine of implied warranty that his opinion is regarded by many jurists and scholars as the benchmark in this area.