**ATLANTIC RICHFIELD COMPANY, Appellant,**

v.

**R. B. TRULL, et al., Appellees.**

**No. 1207.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 23, 1977.

Rehearing Denied Dec. 22, 1977.

Ray T. Fortenbach, Stephen R. Kirklin, Childs, Fortenbach, Beck & Guyton, Houston, Oren B. Hamlin, Bay City, James R. Coffee, Dallas, for appellant.

Ivan D. Hafley, Frank R. Douglass, Scott & Douglass, Austin, Bert L. Huebner, Bay City, for appellees.

## OPINION

YOUNG, Justice.

In this venue appeal R. B. Trull and twenty-one other plaintiffs sued Atlantic Richfield Company for the recovery of underpaid royalties and for the forfeiture of underdeveloped oil properties. ARCO filed a plea of privilege to be sued in Dallas County. Based upon Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 14 (1964),[1] the trial court overruled ARCO's plea of privilege and ordered venue retained in Matagorda County. The defendant ARCO appeals. We affirm.

ARCO contended below and contends here that the Trulls pled their cause of action for forfeiture of oil properties in bad faith in order to maintain venue in Matagorda County; that the primary purpose of the Trulls' suit was one for royalties instead of one for an interest in land; and that, therefore, its plea of privilege should have been granted.

This case arises out of two oil, gas and mineral leases entered into on June 30, 1958, by the Trulls as lessors, and a certain L. L. Dinkins, as lessee. One of these leases was given only by R. B. Trull, and covered only his undivided one-half interest in the minerals underlying a 376.95 acre tract of land in Matagorda County. The second lease was given by Florence M. Trull and the other appellees, including R. B. Trull, and covered all of the minerals underlying a 320 acre tract of land, which adjoins the R. B. Trull lease, in Matagorda County. Both leases were subsequently acquired by ARCO from L. L. Dinkins. These two leases have identical provisions, except for the names of the lessors and the descriptions of the tracts involved.

ARCO thereafter entered into a mutual development agreement with Mobil Oil Corporation, which had acquired a lease to the other undivided interests in the same property. From the period of 1960 through 1968 ARCO and Mobil drilled ten wells on the leased property, seven on the R. B. Trull

---

1. "14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the County in which the land, or a part thereof, may lie."

lease and three on the Florence M. Trull lease. We are here concerned with the Frio A oil sand stratum located at approximately 8150 feet below the surface and the Frio gas sand strata located between 10,900 feet and 11,300 feet below the surface.

On June 30, 1976, Trulls brought a two count suit against ARCO in Matagorda County. Therein they alleged in the first count damages for drainage and failure to drill offset wells. They alleged in the second count damages for failure to pay the full amount of royalties due under the leases. On July 29, 1976, ARCO filed its plea of privilege to be sued in Dallas County, its principal place of business. Thereafter on August 9, 1976, Trulls filed their first amended original petition and controverting plea. The amended petition supplanted the original first count for drainage with a count for a declaratory judgment asking the court to declare that the lease as to the Frio A oil sand and the Frio gas sands had been forfeited because of lack of reasonable development. Trulls in their controverting plea maintained that because of the forfeiture count, which is a suit to recover title to lands, venue should remain in Matagorda County under Subdivision 14. ARCO then filed an amended plea of privilege which alleged that the forfeiture cause in count one of the first amended original petition was brought in bad faith.

At the hearing to the court without a jury, it was uncontroverted that the Trulls' petition was amended after Trulls had told their attorney that they did not desire a cause for drainage and after Mr. George, a petroleum expert, had informed them that several sands above and below those being produced were capable of commercial productivity.

Also at the hearing, Mr. George testified that the leases herein had only two wells completed in the Frio A oil sand and that several other wells could be either drilled or dually completed profitably in this sand. Additionally, he said that the Frio gas sand strata had been encountered in one well on the R. B. Trull lease and that these sands were capable of profitable development.

Whereupon the trial court entered an order overruling ARCO's plea of privilege and therein specifically found that Trulls' first amended original petition and controverting plea were filed in good faith.

■ Findings of fact and conclusions of law need not be filed in a plea of privilege case. See Rule 385(e), T.R.C.P. Where they are not filed, the judgment may be affirmed if there is sufficient evidence to support it upon any lawful theory. Every issue sufficiently raised by the evidence must be resolved in support of the judgment. *Holiday Lodge Nursing Home, Inc. v. Huffman*, 430 S.W.2d 826 (Tex.Civ. App.—Texarkana 1968, no writ); *Bryant v. Kimmons*, 430 S.W.2d 73 (Tex.Civ.App.— Austin 1968, no writ).

In this appeal, ARCO brings forth eight points of error. Points one through five generally allege the trial court erred in holding that Trulls' count one for recovery of land was brought in good faith because the court erred in interpreting the forfeiture clause in the leases herein mentioned.

■ The venue facts under Subdivision 14 are: 1) the nature of plaintiffs' claim and 2) the location of the land. But when the defendant alleges bad faith, the additional issue of bad faith is raised for decision on the venue hearing. *Noel v. Griffin & Brand of McAllen, Inc.*, 478 S.W.2d 633 (Tex.Civ.App.—Corpus Christi 1972, no writ), *Batex Oil Company v. LaBrisa Land and Cattle Company*, 352 S.W.2d 769 (Tex. Civ.App.—San Antonio 1961, writ dism'd). To prove bad faith in our case, ARCO must show: 1) that a valid claim for forfeiture of certain oil sands does not exist and 2) that lessors knew or should have known this at the time they filed suit. See *Hagan v. Anderson*, 513 S.W.2d 818 (Tex.Sup.1974).

■ In each lease the provision in issue here provides:

"8. If at the expiration of the primary term oil or gas in paying quantities has been discovered on the lease premises, or if thereafter oil or gas is discovered in paying quantities on said premises under the terms hereof, lessee shall proceed to

reasonably develop the acreage retained hereunder, but in discharging this obligation lessee shall in no event be required to drill more than one well per forty (40) acres of the area retained hereunder and capable of producing oil in paying quantities or more than one well per 160 acres of the area retained hereunder and capable of producing gas in paying quantities above the depth of 6500', or more than one well per 320 acres of the area retained hereunder and capable of producing gas in paying quantities below the depth of 6500', from the surface of the ground. It is agreed, however, that lessee shall reasonably develop all sands encountered on the leased premises capable of producing oil or gas in paying quantities. In discharging said obligation to reasonably develop, it is agreed that Lessee shall within a reasonable time after the expiration of the primary term, or after the completion of the initial discovery well (if it be after the expiration of the primary term), but in no event later than six months thereafter, commence drilling operations on the first such well and shall thereafter not allow more than six months to elapse between completion or abandonment of one well and the commencement of actual drilling of a subsequent well until the acreage covered hereby has been developed to the density stated above. Failure of lessee to reasonably develop the leased premises as above provided shall cause a forfeiture and termination of this lease as to all acreage covered hereby SAVE AND EXCEPT as to forty (40) acres around each producing oil well or 160 acres around each producing or shut-in gas well above the depth of 6500', or 320 acres around each producing or shut-in gas well below the depth of 6500', said retained tracts to be as nearly in the form of a square as practicable with the well or wells in the approximate center thereof."

Trulls pursue their forfeiture cause pursuant to the above language which provides: "lessee shall reasonably develop all sands encountered on the leased premises capable of producing oil and gas in paying quantities." They further rely upon: "Failure of lessee to reasonably develop the leased premises as above provided shall cause a forfeiture and termination of this lease. . . ."

It was the uncontroverted testimony of Mr. George that the Frio A oil sand and the Frio gas sands had not been reasonably developed. As a result, Trulls sued for forfeiture of those sands encountered but not developed.

ARCO on the other hand, in order to satisfy the two requirements for showing bad faith, (*Hagan*, supra), contends that the "Save and Except" clause of paragraph 8 precludes any possibility of a forfeiture in that the Florence M. Trull lease of 75 acres has two producing oil wells (40 acres each) and two deep gas wells (320 acres each), enough to prevent forfeiture on 720 acres. It also contends that the R. B. Trull lease of 314.5 acres has five producing oil wells (40 acres each) and two deep producing gas wells (320 acres each), enough to save 840 acres from forfeiture. ARCO contends that these facts coupled with the "Save and Except" clause in the forfeiture paragraph, prevent any possible action for forfeiture, and that Trulls knew or should have known this.

Trulls counter by saying the term "acres" in the savings clause means only surrounding acres in the sand stratum where a currently producing well lies. ARCO, however, argues that the term "acres" refers to a measure of land measured at the surface but including the earth beneath to the center of the earth, citing *Shell Oil Company v. Stansbury*, 401 S.W.2d 623 (Tex.Civ.App.—Beaumont), writ ref'd n. r. e., 410 S.W.2d 187 (Tex.Sup.1966).

Even if we assume, arguendo, that ARCO's definition is correct, we find, after studying the record and the disputed paragraph, that the trial judge properly concluded that paragraph 8 of the lease was susceptible of a good faith interpretation in keeping with Trulls' cause of action for forfeiture. Indeed, R. B. Trull himself gave the forfeiture provision this same interpre-

tation in a letter written to ARCO, then Sinclair Oil & Gas Company, on October 15, 1963, demanding that certain sand strata be released for failure to develop certain encountered sands.

Consequently, we find that there was evidence to support the trial court's judgment and that ARCO's position was not established otherwise as a matter of law. Points one through five are overruled.

ARCO's sixth point alleges the trial court erred in finding that the claim for failure to develop was asserted in good faith since the evidence established as a matter of law that Trulls agreed to and did accept payment in 1963 from ARCO in lieu of development, and Trulls knew this when their suit was filed. In passing on this legal insufficiency point, we must consider only the evidence and inferences which support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965); *Southern Pacific Transportation Company v. Peralez*, 546 S.W.2d 88 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

While we doubt that ARCO's amended plea of privilege properly plead this affirmative defense of accord and satisfaction, it is not necessary for us to reach that issue. Upon our reviewing the entire record, we find there was evidence adduced at the venue hearing which would sustain the trial court's implied conclusion that the consideration received by Trulls from ARCO in 1963, relative to the leases in issue, was payment for Trulls' agreeing to allow a unit to cross the R. B. Trull and Florence M. Trull lease boundary lines, rather than payment in lieu of all future development on the contested leaseholds. ARCO's sixth point is overruled.

ARCO claims in its seventh and eighth points of error that the principal right asserted and relief sought by Trulls in this lawsuit is a claim for underpaid gas royalties and, thus, the case does not fall within Subdivision 14. As we have noted, the venue facts which the Trulls had the burden to establish under Subdivision 14 were: 1) the nature of lessors' claim and 2) the location of the land. The nature of a suit is determined by the principal right asserted in the petition and the relief sought. *South Padre Development Company, Inc., etc. v. Texas Commerce Bank Nat.*, 538 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1976, no writ); 1 McDonald, Texas Civil Practice, § 4.22.2 (1965).

In the instant case there are two independent sets of facts which could give rise to liability and which arise out of a divisible contract. Thus, we have two separate and distinct causes of action. *Universal Life & Accident Ins. Co. v. Shaw*, 139 Tex. 434, 163 S.W.2d 376 (Tex.Sup.1942); *Reserve Life v. Shelton*, 415 S.W.2d 281 (Tex.Civ.App.—Austin 1967, writ dism'd). See also 1 Tex. Jur.2d Actions § 78 (1959).

If two or more causes of action are joined, the first question is whether at least one of the claims falls within Subdivision 14. 1 McDonald, Texas Civil Practice § 4.22.2 (1964). After inspecting the petition and controverting affidavit, we find the principal right and relief sought in Trulls' first count is to recover certain lands. It comes within the requirements of Subdivision 14. The second count of Trulls' petition is for the principal purpose of recovering the balance of unpaid royalties due. Consequently, there is no one primary or ultimate purpose to this suit. There is no need, as ARCO contends, to compare the two causes of action to see which cause contains the primary right sought. *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797 (Tex.Civ.App.—Tyler 1976, writ dism'd); *Wallace Investments, Inc. v. Blackstock*, 384 S.W.2d 910 (Tex.Civ.App.—Houston 1964, no writ). See also *Best Investment Company v. Parkhill*, 429 S.W.2d 531 (Tex.Civ.App.—Corpus Christi 1968, no writ). ARCO's points seven and eight are overruled.

The judgment of the trial court is affirmed.