**TEXAS OIL & GAS CORPORATION, et al., Appellants,**

v.

**Hallie Kelley Peareson MOORE, et al., Appellees.**

**No. 1951.**

Court of Appeals of Texas, Corpus Christi.

Feb. 25, 1982.

Rehearing Denied April 1, 1982.

W. S. Barron, Jr., Law Offices of Brice & Barron, Dallas, for appellants.

Charles G. King, Glenn A. Ballard, Jr., Law Offices of Bracewell & Patterson, Houston, Jack H. Moore, Scherer, Roberts, Slone, Gresham & Lytle, Richmond, for appellees.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal of an order overruling pleas of privilege. Hallie Kelley Peareson Moore and three other plaintiffs sued Texas Oil & Gas (TXO) and Delhi Gas Pipeline Corporation (Delhi) for an accounting and recovery of underpaid gas royalties, for the declaration of the rights of the parties under the terms of the leases and for the release of properties due to failure to pay shut-in royalties. TXO and Delhi each filed pleas of privilege to be sued in Dallas County, the place of residence for both. In their controverting plea, appellees alleged that Subdivisions 5, 7, 14, 23, 27, and 29a of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964) justified venue in Wharton County. After a hearing, the trial court in one order overruled both pleas. We affirm.

Beginning in 1971, appellees executed four oil and gas leases covering land known as the Peareson field in Wharton County, Texas. When it had completed two wells, TXO made arrangements for sale of all the natural gas produced from the Peareson field for the next 20 years to Delhi, its wholly owned subsidiary. The terms of the sale are embodied in the Gas Purchase Agreement executed on October 1, 1974, by TXO and Delhi. The provisions concerning price established that Delhi would pay 90¢ per MCF (thousand cubic feet) for the first year and would have the right to redetermine the price each year or to terminate the agreement. In accordance with the 1974 agreement and subsequent amendments, Delhi repeatedly exercised its right to redetermine the price which it paid to TXO.

Each amendment lowered the basis upon which the price would be calculated. The latest amendment permitted sale at 90% of the arithmetical average of the two highest prices paid for gas on a BTU basis in Railroad District No. 3 by a pipeline producer bound by a contract with an initial term of at least two years.

From the wellhead Delhi transports the gas five or six miles, then resells it to United Texas Transmission Company (UTTCO) as provided by the Gas Purchase and Sales Contract entered into by Delhi and UTTCO on October 6, 1975. Delhi agreed to sell UTTCO all the gas produced from the Peareson field for the next 20 years. In addition to the allowance, which compensates for transporting and treating the gas, Delhi receives a significantly higher price from UTTCO than it pays to TXO.

Appellees' royalty payments are based on the amounts received from sale of the gas by TXO, which the appellees claim were substantially lower than the market price. They allege that the relationship between TXO and its wholly owned subsidiary is a device which TXO has employed to cause an obvious injustice to appellees. In other words, appellees claim that TXO has breached its implied duty to market gas produced from its leases at a price equal to the market value of the gas and, thus, has committed fraud. They seek a declaration and damages from TXO and Delhi equal to the differences between the amounts they actually received and the amounts of royalties plaintiffs should have been paid based on market value or on the amounts received by Delhi.

An additional cause of action pled in appellees' amended original petition is for the release of land for failure to pay shut-in royalties. The petition alleges that TXO shut in a well for a period greater than 90 days, but failed to pay the shut-in royalties as specified in the lease. Appellees, therefore, request a release of the 352 acres affected.

■ The trial judge gave no indication which exception to the general venue provision served as the basis for his decision to overrule the pleas of privilege. Findings of fact and conclusions of law were not filed and need not be filed in a plea of privilege case. Rule 385(b), T.R.C.P. In the absence of findings of fact and conclusions of law, the judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962).

■ We will first discuss the application of subdivision 14. To maintain venue under subdivision 14 two elements must be shown: 1) the nature of the suit and 2) the location of the land. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954). In this case the parties have stipulated that the land is located in Wharton County, where this suit was brought. Thus, the only issue is whether the nature of the claim falls within subdivision 14.

■ The nature of the suit is to be determined by examining the facts alleged in the plaintiff's pleadings, the rights asserted therein and the relief sought. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955); *Finder v. O'Connor*, 615 S.W.2d 283, 284 (Tex.Civ.App.—Dallas 1981, writ dism'd). Subdivision 14 requires that "Suits for recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie." Thus, the suit must involve an interest in realty as defined by the statute.

■ Royalties issuing out of the ordinary oil and gas leasehold estate are interests in land. *Tennant v. Dunn*, 130 Tex. 285, 110 S.W.2d 53 (1937). And so are rights to future royalty payments interests in land. *Clyde v. Hamilton*, 414 S.W.2d 434 (Tex.1967). When severed from the land, the minerals and royalties paid for them become personalty. *Sabine Production Co. v. Frost Nat. Bank*, 596 S.W.2d 271 (Tex. Civ.App.—Corpus Christi 1980, no writ); *Lone Star Gas Co. v. Murchison*, 353 S.W.2d 870 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). Thus, claims for past and accrued

royalties are properly characterized as claims to recover personalty and, therefore, do not meet the requirements of subdivision 14. *Sabine Production Co. v. Frost Nat. Bank,* supra at 276. We agree with appellants that the claim for an accounting and damages for failure to pay royalties does not fall within subdivision 14.

Appellants erroneously characterized the second count of appellees' petition as a suit for specific performance, which could not establish venue under subdivision 14. While it is true that specific performance cases do not fall within subdivision 14, *Edgar v. Bartek,* 507 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd), this case does not involve specific performance. Appellees' request for a release of land is clearly within the class of cases contemplated by subdivision 14. In *Atlantic Richfield Company v. Trull,* 559 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1977, writ dism'd), this Court held that an action for the forfeiture of oil properties due to breach of the covenant to reasonably develop those properties was essentially a suit for the recovery of land. We find that case to be controlling here and, therefore, hold that appellees' claim for release of land upon non-payment of shut-in royalties meets the requirements of subdivision 14.

TXO and Delhi argue that the request for recovery of land is only secondary to the damage claim. They cite the rule that the dominant purpose of the case must involve land to sustain venue under subdivision 14. *Brown v. Gulf Television Co.,* 157 Tex. 607, 306 S.W.2d 706 (1957). According to appellants' interpretation, the Court must weigh all of the causes of action and find venue under subdivision 14 only if the cause involving land is of greater importance. When a single suit encompasses distinct causes of action, courts do not compare them to establish dominance of a single cause of action over the other. *Brazos Valley Harvestore Systems, Inc. v. Beavers,* 535 S.W.2d 797, 800 (Tex.Civ.App.—Tyler 1976, writ dism'd). Instead, the decisions scrutinize each claim separately to determine if a venue exception applies. If one cause of action falls within a venue exception and the other does not, courts rely upon the *Middlebrook* doctrine to maintain venue. This doctrine permits a plaintiff to join with the action which is clearly maintainable in the county of suit additional actions which have no independent basis for venue in that county. See *Middlebrook v. David Bradley Manufacturing Co.,* 86 Tex. 706, 26 S.W. 935 (1894). But the additional claims must be properly joined. See Rule 51, T.R.C.P.

The holding in *Middlebrook* retains its vitality today. See e.g. *Renger Memorial Hospital v. State,* 585 S.W.2d 352 (Tex. Civ.App.—Austin 1979, no writ); *Lindsey v. Security Savings Assoc.,* 556 S.W.2d 570 (Tex.Civ.App.—Dallas 1977, no writ); *Brazos Valley Harvestore Systems, Inc. v. Beavers,* supra. The rationale for these cases is that public policy favors conferring venue on all properly joined causes of action to avoid a multiplicity of suits. *Lindsey v. Security Savings Assoc.,* supra; *Wester v. Smith,* 213 S.W.2d 550 (Tex.Civ.App.—Fort Worth 1948, no writ). The relative magnitude of the relief sought is not controlling. *Brazos Valley Harvestore,* supra at 800.

*Atlantic Richfield Co. v. Trull,* supra, involved a claim for royalties and a suit for forfeiture of property for failure to develop certain oil property. The latter cause was found to be within subdivision 14 and held to confer venue over the other claim. *Atlantic Richfield Co. v. Trull,* supra at 681. Following this reasoning, we hold that the cause of action for release of the land for failure to pay the shut-in royalties falls within subdivision 14 and, therefore, confers venue upon the properly joined claims for royalties. Appellants' points of error one and four are overruled. Because we have held that venue can properly be maintained in Wharton County under subdivision 14, we deem it unnecessary to resolve appellants' remaining points of error about other subdivisions of the venue statute.

The judgment of the trial court is affirmed.