MIDLAND NATIONAL LIFE INSURANCE COMPANY, successor to Reserve Life Insurance Company f/k/a Eureka Life Insurance Company, Appellant,

v.

Arlie BRIDGES, Appellee.

No. 11–93–037–CV.

Court of Appeals of Texas, Eastland.

Dec. 8, 1994.

Rehearing Overruled Jan. 12, 1995.

Jeffrey R. Seckel, Hale, Pronske, Trust, Aston, Seckel & Taubenfeld, P.C., Dallas, for appellant.

Ben D. Sudderth, Comanche, Philip R. Russ, Amarillo, for appellee.

Opinion

ARNOT, Justice.

The issue in this case is whether a transfer of venue to Brown County was proper. In 1987, Eureka Life Insurance Company brought suit in Wichita County against American Title Insurance Company to recover under a title insurance policy.[1] On January 16, 1990, the trial court transferred the entire case from Wichita County to Brown County. American Title brought a third-party cause of action against Arlie Bridges, who later sued Eureka for breach of contract and breach of fiduciary duty. There were many cross claims and counterclaims involved in this suit. However, the only cause of action tried by the jury was Bridges' suit against Eureka in which the jury awarded $1,030,000 in damages and $60,000 in attorney's fees ($50,000 for trial and $10,000 for this appeal). We reverse and remand.

■ In the first point of error, appellant challenges the propriety of the trial court's transfer of venue. The motions to transfer that were granted by the trial court had been filed in November 1988 by Bert V. Massey, II, and his law firm, Massey and Shaw.[2] In the motions to transfer, Massey contended that venue was mandatory in Brown County because the dispute involved the title to real property located in Brown County. TEX.CIV. PRAC. & REM.CODE ANN. § 15.011 (Vernon 1986) provides:

Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Under Section 15.011, the determination of the nature of a lawsuit is a question of law to be determined by the court. *Milner v. Fitch*, 651 S.W.2d 809 (Tex.App.—Houston [1st Dist.] 1983, no writ); *King v. Pittsburgh Des Moines Steel Company*, 389 S.W.2d 99 (Tex.Civ.App.—Eastland 1965, no writ). The venue of the main action controls the venue of the counterclaims, cross claims, and third-party claims. TEX.CIV.PRAC. & REM.CODE ANN. § 15.062 (Vernon 1986).

■ The record shows that Eureka's causes of action against the named defendants did not involve the title to real property. Eureka sued for breach of contract, negligence, gross negligence, fraud, participation in an unlawful civil conspiracy, breach of an implied warranty of services, and tortious interference with a contract. The only relief requested by Eureka was monetary damages. The facts underlying these claims are that George A. Day borrowed money from Eureka in connection with a shopping center he owned in Brown County. Bridges was the broker of this loan. Day executed a promissory note in the amount of $125,000 and executed a deed of trust securing the debt. Day and his company, Brownwood Abstract, assured Eureka that Eureka had a valid, first deed of trust lien. However, after foreclosure, Eureka learned that Day had previously given a superior mortgage lien to a local bank. Eureka does not claim any title to the property. Eureka requests damages in the amount of the balance due on the promissory note, damages incurred as a result of Massey's failure to timely notify Eureka that it did not have a superior lien on the

---

1. Eureka later added Brownwood Abstract & Title Company, Inc., George A. Day, Massey and Shaw, and Bert V. Massey, II, as named defendants and dismissed the claim against American Title.

2. Appellant initially argues that the trial court erred in considering these motions because it had previously ruled on a motion to transfer. However, the record is clear that the trial court had not previously made a ruling regarding venue but had only denied Bridges' motion to transfer as to one party because the motion became moot when Bridges took a nonsuit.

property, and exemplary damages. Because the title to land was only incidentally involved in this suit, Section 15.011 does not apply. See *Maranatha Temple, Inc. v. Enterprise Products Co.*, 833 S.W.2d 736 (Tex. App.—Houston [1st Dist.] 1992, writ den'd); *Scarth v. First Bank & Trust Co.*, 711 S.W.2d 140 (Tex.App.—Amarillo 1986, no writ). We hold that venue was not mandatory in Brown County.

■ Since there was no mandatory venue, we must review the entire record and determine whether there is any probative evidence that venue was proper in Wichita County. *Wilson v. Texas Parks & Wildlife Department*, 886 S.W.2d 259 (1994); *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993). If venue was proper in Wichita County, then Brown County could not have obtained venue as a matter of law. See *Wilson v. Texas Parks & Wildlife Department*, supra.[3] Eureka had the burden to prove that venue was maintainable in Wichita County.

The record shows that Eureka's suit against Day involved the breach of a contract/failure to pay a promissory note. TEX. CIV.PRAC. & REM.CODE ANN. § 15.035(a) (Vernon 1986) provides for permissive venue "if a person has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place in that county." Eureka's response to Massey's motions to transfer included a copy of the promissory note executed by Day. The note provided that Day promised to pay Eureka $125,000 "at its home office in the City of Wichita Falls, Wichita County, Texas." We hold that there was probative evidence that venue was proper as to Day in Wichita County and that the remaining defendants, including Massey, were properly joined under TEX. CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986). Therefore, the trial court erred in transferring the cause from a county of proper permissive venue to another county of proper permissive venue. See *Wilson v. Texas Parks & Wildlife Department*, supra. The first point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded to the trial court in Brown County with instructions that the cause be transferred to Wichita County for a new trial.

---

3. We note that the trial court's decision to transfer venue in this case was made prior to the Texas Supreme Court's rulings in both *Wilson* and *Ruiz*.