In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00079-CV


 _____________________



IN RE ROBERT KERR, INDIVIDUALLY, JAMES E. THORP, 


INDIVIDUALLY, THORP PETROLEUM CORPORATION, 


COBRA OPERATING COMPANY AND HAL ENERGY COMPANY






Original Proceeding







OPINION


 In this mandamus proceeding, relators J. Robinson Kerr, (1) individually, James E.
Thorp, individually, Thorp Petroleum Corporation, Cobra Operating Company, and Hal
Energy Company, challenge the trial court's denial of their motions to transfer venue. See
Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002). Section 15.011 of the Texas
Civil Practice and Remedies Code requires this action be brought in the county in which the
property at issue is located. See Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (Vernon
2002). We conditionally grant the petition for writ of mandamus.

The Dispute

 Real party in interest Etoco, L.P. is an oil and gas company that discovers and
produces oil, natural gas, and petroleum deposits throughout Texas. James E. Thorp served
as president of Etoco from July 1983 to October 1996. 

 Etoco sued relators for breach of fiduciary duty, fraud, fraudulent inducement, and
civil conspiracy, alleging that while Thorp was employed with the company, he conspired
with the other defendants and fraudulently located certain oil, natural gas, petroleum
deposits, and reserves in Harris County (2) for his benefit. Etoco asserts that the profits Thorp
fraudulently acquired belonged to Etoco, because Thorp had a fiduciary duty to locate oil,
natural gas, petroleum deposits, and reserves for the benefit of Etoco, not for himself.

 Relators filed motions to transfer venue to Harris County, Texas. They contend venue
is mandatory in Harris County under section 15.011 of the Texas Civil Practice and Remedies
Code because the mineral estates are located in Harris County and Etoco must prove its
entitlement to the ownership of the leases before it may recover damages. Etoco alleges
venue is proper in Jefferson County because "Jefferson County, Texas is the county where
all or a substantial part of the events or omissions giving rise to the claims asserted herein
occurred." See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (Vernon 2002).

 The trial court held a hearing on the motion. Etoco argued at the hearing that section
15.011 did not apply because Etoco never owned the mineral interests and is seeking only
damages, not recovery of any mineral interests. Although Etoco's original petition sought
recovery of the mineral interests, after relators filed their motions to transfer venue to Harris
County, Etoco amended its petition to seek only damages and profit disgorgement related to
the past production from the property. The trial court denied the motions to transfer venue.

Standard of Review


 In a mandatory venue mandamus action, an appellate court reviews a trial court's
ruling on a motion to transfer for an abuse of discretion. In re Applied Chem. Magnesias
Corp., 206 S.W.3d 114, 117 (Tex. 2006). A trial court has no discretion in determining what
the law is or in applying the law to the facts. See In re Mo. Pac. R.R. Co., 998 S.W.2d 212,
216 (Tex. 1999). When a trial court's denial of a motion to transfer amounts to a clear and
prejudicial error of law, mandamus relief will be granted. See In re Applied Chem.
Magnesias Corp., 206 S.W.3d at 119. 

Section 15.011

 Section 15.011 of the Texas Civil Practice and Remedies Code provides:

 Actions for recovery of real property or an estate or interest
in real property, for partition of real property, to remove
encumbrances from the title to real property, for recovery of
damages to real property, or to quiet title to real property shall
be brought in the county in which all or a part of the property is
located.

 

Tex. Civ. Prac. & Rem. Code Ann. § 15.011. To demonstrate venue is mandatory in Harris
County under section 15.011, relators must show that all or a part of the realty at issue is
located in Harris County, and that the suit is one of the actions described in section 15.011. 
See Airvantage, L.L.C. v. TBAN Props. #1, L.T.D., 269 S.W.3d 254, 258 (Tex. App.--Dallas
2008, no pet.); In re City Nat'l Bank, 257 S.W.3d 452, 454 (Tex. App.--Tyler 2008, orig.
proceeding ); In re Stroud Oil Props., Inc., 110 S.W.3d 18, 24 (Tex. App.--Waco 2002, orig.
proceeding). There is no dispute that the land is located in Harris County. The question of
law presented is whether Etoco's claim is one of the types of claims described in section
15.011. See Midland Nat'l Life Ins. Co. v. Bridges, 889 S.W.2d 17, 18 (Tex. App.--Eastland
1994, writ denied) ("Under Section 15.011, the determination of the nature of a lawsuit is a
question of law to be determined by the court."). 

 Relators contend Etoco's claim is essentially about ownership of the mineral interests. 
Relators note that venue is dictated by the substance of the claim, not its form. See Renwar
Oil Corp. v. Lancaster, 154 Tex. 311, 276 S.W.2d 774, 776 (1955); Yzaguirre v. KCS Res.,
Inc., 53 S.W.3d 368, 371 (Tex. 2001); Madera Prod. Co. v. Atl. Richfield Co., 107 S.W.3d
652, 660 (Tex. App.--Texarkana 2003, pet. denied); Kilgore v. Black Stone Oil Co., 15
S.W.3d 666, 670 (Tex. App.--Beaumont 2000, pet. denied). 

 A court considers the true nature of the dispute in making the venue determination
under section 15.011. In Renwar, applying a predecessor venue statute, the Supreme Court
explained that the nature of the suit is determined from the facts alleged in the plaintiff's
petition, the rights asserted, and the relief sought. See Renwar Oil Corp., 276 S.W.2d at 775. 
The Court looked to "the heart of the controversy," and to "the controlling issue." Id. at 776. 
In Yzaguirre, the Court considered the "substance of the dispute" under the then applicable
version of the statute. Yzaguirre, 53 S.W.3d at 371. After determining that the ownership
of the property was not in dispute, and that the substance of the dispute concerned the
obligations owed under the leases, the Supreme Court held that section 15.011 did not apply
in that case. See id. 

 Recently, the Supreme Court noted that the statute has been changed over time to
become more inclusive regarding the types of real property suits subject to mandatory venue. 
See In re Applied Chem. Magnesias Corp., 206 S.W.3d at 118. In Applied Chemical, the
plaintiff filed a declaratory judgment action seeking to clarify the rights and remedies of the
parties under a letter agreement. See id. at 116. The Supreme Court determined nevertheless
that "the essence of this dispute" was whether Applied Chemical had the right to mine marble
on Aggregate's land, and therefore ruled that the mandatory venue statute required that the
declaratory judgment action be brought in the county where the land was located. See id. at
119. 


 Election of Damages


 Etoco currently seeks damages and disgorgement of profits related to the past
production from the property. Etoco argues this is a suit for fraud in an employment
relationship, not for recovery of the mineral interests, and section 15.011 is inapplicable
because "Etoco does not seek recovery of real property or an estate or interest in real
property." See Bridges, 889 S.W.2d at 19; Nix v. Born, 870 S.W.2d 635, 638-39 (Tex. App.--El Paso 1994, no writ); Tex. Oil & Gas Corp. v. Moore, 630 S.W.2d 450, 452-53 (Tex. App.--Corpus Christi 1982, writ dism'd). 

 In Bridges, the plaintiff did not claim title to the property but instead requested
damages incurred as a result of a failure to notify the plaintiff that it did not have a superior
lien on the property. See Bridges, 889 S.W.2d at 18-19. The appellate court reasoned that
"Because the title to land was only incidentally involved in this suit, Section 15.011 does not
apply." Id. at 19. 

 In Moore, the court held that a claim for an accounting and damages for failure to pay
past royalties did not fall within the predecessor statute, because the claims were "properly
characterized as claims to recover personalty[.]" Moore, 630 S.W.2d at 452-53. Etoco says
it "pointed out to the trial court that minerals severed from the land are no longer real
property but become personal property, and that §15.011 does not encompass suits for the
value of severed minerals and other suits for money damages."

 In Nix, the plaintiff sought monetary damages for breach of a fiduciary duty. See Nix,
870 S.W.2d at 637. The case arose out of the sale of real estate. See id. The jury determined
a real estate agent breached a fiduciary duty owed to the seller of the property; the appellant
was liable as a conspirator. See id. at 642. The court's opinion does not state whether the
development company that purchased the property still owned the lots at the time suit was
filed, but the court determined that section 15.011 did not apply because it was clear the
plaintiff was not seeking a return of the property "or any other relief included within the real
property exception." Id. at 638-39. Etoco contends this Court should follow Nix, because
Etoco has by amended pleading disclaimed any recovery of real property. 

 Plaintiff's Original Petition


 In plaintiff's original petition in this case, Etoco sought damages "and in addition
thereto the recovery by plaintiff of all assets in the form of existing mineral interests,
operating interests, and lease hold interests that all said defendants fraudulently acquired an
interest in[.]" Plaintiff alleged that as a result of fraud it had been "monetarily damaged in
that it lost the income and interest in leases and other assets to which it was rightly entitled
to receive[.]"

 Essentially, the lawsuit originally sought relief equivalent to the imposition of a
constructive trust and profit disgorgement in addition to damages. See, e.g., Anglo
Exploration Corp. v. Grayshon, 577 S.W.2d 742, 745 (Tex. Civ. App.--San Antonio 1979,
writ dism'd). A constructive trust may be imposed on property obtained as a result of a
breach of fiduciary duty. See id. at 744-746; see also Carr v. Weiss, 984 S.W.2d 753, 767
(Tex. App.--Amarillo 1999, pet. denied). For purpose of section 15.011, a demand for a
constructive trust on an interest in land is considered tantamount to an attempt to recover the
property. See Bristol v. Placid Oil Co., 74 S.W.3d 156, 158 (Tex. App.--Amarillo 2002, no
pet.). Profit disgorgement is an equitable remedy also available for breach of fiduciary duty. 
See Indep. Bankers Life Ins. v. Holloway, 368 S.W.2d 567, 577 (Tex. 1963). Basically,
because of the fiduciary breach, the profits "must be held to belong" to the beneficiary. See
id. Plaintiff's original pleading claimed entitlement to land in Harris County, sought its
recovery in addition to profits and damages, and so was subject to section 15.011. See
Bristol, 74 S.W.3d at 158-59 (Suit demanding conveyance of both mineral leasehold and
revenue produced was properly transferred pursuant to section 15.011). 

. The Amended Pleading With a Disclaimer


 After the motions to transfer venue to Harris County were filed, Etoco amended its
petition and expressly disclaimed any attempt to recover any interest in land. Plaintiff's
amended pleading asserts as follows: 

 Plaintiff does not seek the recovery of real property or any interest or estate in
real property, does not seek to partition real property, does not seek to remove
encumbrances from the title to real property, does not seek the recovery of
damages to real property and does not seek to quiet title to real property. 
Plaintiff only seeks lost profits/net operating revenue incurred in the past as a
result of the breach of fiduciary duty, fraud and conspiracy by the Defendants. 


Plaintiff alleges that the profit from the production of the oil and gas deposits and reserves
"should have belonged to the Plaintiff." The live pleading also asserts that, had Thorp
disclosed the discovery, "Plaintiff would have developed this prospect for the benefit of
Plaintiff and realized the net profits that resulted therefrom[.]" Plaintiff seeks damages
caused in the past and "disgorgement of any profits realized by Defendant, James E. Thorp,
in the past related to the field[.]" 

The Effect of the Disclaimer


 When the underlying issue that a plaintiff must prove to show its entitlement to
damages involves proof of the ownership rights to mineral interests, section 15.011 applies. 
See Madera Prod. Co., 107 S.W.3d at 659. A plaintiff has the right to timely amend
pleadings. See Watson v. City of Odessa, Tex., 893 S.W.2d 197, 200 (Tex. App.--El Paso
1995, writ denied) (A venue determination is made on the basis of the live pleadings.). 
Nevertheless, mandatory venue provisions may not be evaded merely by artful pleading. A
court is required to "determine the venue of a suit based on the facts existing at the time the
cause of action that is the basis of the suit accrued." Tex. Civ. Prac. & Rem. Code Ann. §
15.006 (Vernon 2002); see In re Stroud Oil Props., 110 S.W.3d at 26 (The defendant's
execution of a disclaimer after the cause of action accrued was "not pertinent to the venue
inquiry."). The nature of the dispute, not the terms used to describe the action, focuses the
venue determination. See In re Applied Chem. Magnesias Corp., 206 S.W.3d at 119; Madera
Prod. Co., 107 S.W.3d at 659; see also Norvell v. Stovall, 95 S.W.2d 1313, 1315 (Tex. Civ.
App.--Beaumont 1936, no writ) (Plaintiff's case was not "merely an action for fraud;" the
"real purpose" was the recovery of title to land.). 

 Madera


 In Madera Production Company, the court considered the effect of an amended
pleading abandoning a request for a declaration of rights concerning ownership to real
property. Madera Prod. Co., 107 S.W.3d at 657-59. ARCO had conveyed interests in
certain leasehold estates to Madera, the plaintiff. Id. at 655. The agreement entered into by
Madera and ARCO outlined a procedure by which Madera could earn an interest in ARCO's
retained rights. Id. Madera alleged ARCO did not meet its obligations as set out in the
agreement, sued ARCO for breach of contract and civil conspiracy; and sued other
defendants for tortious interference with contract, tortious interference with prospective
business relations, civil conspiracy, trespass, and conversion. Id. at 656-57. 

 Madera requested the trial court "'declare the rights, status, and other legal relations,
including issues of title and ownership to real property.'" Id. at 658. After some of the
defendants filed motions to transfer venue under section 15.011, Madera amended its petition
and requested the trial court "'declare the rights, status, and other legal relations . . .
excluding specifically any issues of title or ownership to real property.'" Id. at 658-59. 

 The trial court granted the motions to transfer. Id. at 655. The appellate court
concluded Madera amended its pleading in an effort to exclude any issues of title or
ownership to real property and avoid the reach of section 15.011. Id. at 659. Nevertheless,
venue was mandatory in the county where the land was located because, regardless of the
remedy elected or causes of action pled, the true nature of the suit required that the plaintiff
prove ownership rights in a mineral lease in order to show entitlement to damages. Id. at
660. The court explained that, regardless of the disclaimer in the amended pleading, "the
underlying issue that Madera must prove to show its entitlement to damages involves proof
of ownership rights in a mineral lease, which in Texas is well established as real property." 
See id. at 559. 

Application to Etoco's Claim


 In this case, a remedy sought in the live pleading is disgorgement of past profits and
recovery of past damages based on production from land Etoco asserts was rightfully its own
to develop. Etoco seeks "lost profits/lost net operating revenue incurred in the past from the
oil, natural gas, petroleum deposits and reserves[,]" including those related to the field and
wells in Harris County specifically named in the petition, and "the disgorgement of any
profits realized by [Thorp]" related to the field and wells in Harris County.

 By amending the pleading to omit the request for recovery of the mineral interests and
to expressly disclaim any attempt to recover land--and also by describing the claim as
requesting only past damages rather than including damages based on future production--Etoco attempted to craft its petition to avoid the mandatory venue statute. Nevertheless, how
the cause of action is described by the parties is not decisive. See Airvantage, L.L.C., 269
S.W.3d at 258 (citing Bracewell v. Fair, 638 S.W.2d 612, 615 (Tex. App.--Houston [1st
Dist.] 1982, no writ)); see generally Bristol, 74 S.W.3d at 159 n.2. Essentially, the heart of
the controversy is Etoco's assertion that if Thorp had disclosed to Etoco the mineral interests
he located, "[Etoco] would have developed this prospect for the benefit of [Etoco] and
realized the net profits that resulted therefrom[.]" The suit contests relators' entitlement to
develop the mineral interests in Harris County. The purpose of the suit is to establish that
Etoco had the right to develop the prospect for its own benefit to the exclusion of relators'
interests. This claim depends on the rightful ownership of the real property. 

 Conclusion


 When rightful ownership of real property must be decided as a prerequisite to the
relief requested, the mandatory venue statute governs. See Renwar Oil Co., 276 S.W.2d at
776; Madera Prod. Co., 107 S.W.3d at 659-60. Because this dispute is essentially over the
rightful ownership of an interest in land in Harris County, section 15.011 requires the claim
be litigated in Harris County. The petition for writ of mandamus is conditionally granted. 
We are confident that the trial court will withdraw its previous order and transfer the case. 
The writ will issue only if the trial court fails to comply with this opinion. 


 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Submitted on May 7, 2009 

Opinion Delivered July 30, 2009


Before Gaultney, Kreger, and Horton, JJ.
1. Relators' Petition for Writ of Mandamus states J. Robinson Kerr was incorrectly
named in the plaintiff's pleadings as "Robert Kerr." 
2. These oil, natural gas, petroleum deposits, and reserves are referred to as the
Canadian Hunter Field, The Canadian Hunter, Yegua (10,630ft.), and Channelview, Yegua
(10,000ft.), and involve wells referred to as J.K. Brown (American Hunter), TNR Well #1,
and Cobra TNR Wells 2, 3, 4, 5, 6, and 6A.