

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00067-CV

_____

IN RE:  VALERIE DYER HARDING

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

In this original mandamus proceeding, Valerie Dyer Harding, the relator, challenges the trial court's order denying her motion to transfer venue.[1] The issue presented is whether the trial court abused its discretion in denying Harding's motion to transfer venue to Dallas County under Section 65.023(a) of the Texas Civil Practice and Remedies Code. For the reasons below, we conditionally grant Harding's petition for writ of mandamus, directing the trial court to vacate its order denying her motion to transfer venue to Dallas County and to issue an order granting her motion.[2]

## I. Background

The Davidsons filed their original petition on April 28, 2018, in the County Court at Law of Panola County, Texas. This original petition contained an application for a temporary

---

[1]In the underlying proceeding, Danny Buck Davidson sued Harding "as next friend for Mary Alice Yarborough, Diane Davidson, Jennifer Hattaway, Rebecca Courtney and Bradley Davidson." According to Harding's petition for writ of mandamus, the real parties in interest are Danny Buck Davidson, Diane Davidson, Jennifer Hattaway, Rebecca Courtney, and Bradley Davidson. For simplicity purposes, we will refer to the real parties in interest collectively as "the Davidsons." The respondent is the Honorable Terry Bailey, presiding judge of the County Court at Law of Panola County.

[2]In *In re Meyer*, we held that the courts of appeals in Texas do not have jurisdiction to issue writs of mandamus to a statutory county court under Section 22.221 of the Texas Government Code. *In re Meyer*, 482 S.W.3d 706, 714 (Tex. App.—Texarkana 2016, orig. proceeding). Our decision was subsequently approved by the Texas Court of Criminal Appeals in *Powell v. Hocker*, 516 S.W.3d 488, 494 (Tex. Crim. App. 2017) (orig. proceeding). Subsequently, the Texas Legislature amended Section 22.221(b) to state, "Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against: (1) a judge of a . . . statutory county . . . court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b)(1) (West Supp. 2017). Accordingly, we now have jurisdiction to issue writs of mandamus against a statutory county court.

restraining order[3] and requested that after a hearing, it be converted to a temporary injunction[4] and that on a final hearing, it be made a permanent injunction. In addition to their injunctive relief, the Davidsons sought the imposition of a constructive trust "on the mineral interests and possibly surface interests" of a piece of property (the Property) located in Panola County once or then owned by Yarborough. The record shows that on September 30, 2015, Yarborough sold at least a portion of the surface estate of that property, but retained the mineral, oil, and gas rights.[5] About six months later,[6] Yarborough signed a durable power of attorney granting Harding the power to (among other things) make transactions for her involving real property.[7]

The gravamen of the Davidsons' petition was a request that the trial court prohibit Harding from "disposing, secreting or transferring any asset or monies coming from any asset owned or previously owned by [Yarborough]." They also sought a declaratory judgment that the March

---

[3]On April 18, 2018, the trial court granted the Davidsons' request for a temporary restraining order prohibiting Harding from "taking any action to transfer, dispose or secret any properties or assets owned or previously owned by Mary Alice Yarbourough."

[4]On May 14, 2018, the trial court granted the Davidsons' application for a temporary injunction, ordering that Harding be restrained from, among other things, "[s]elling or disposing of any real property, including mineral interests, belonging to Mary Alice Yarborough."

[5]On September 30, 2015, Yarborough sold the property at issue to Henry Joe Twomey and his wife, Patricia Faye Twomey. The warranty deed showed that Yarborough retained a reservation of all of the "interest in and to the oil; . . . gas and other minerals in and under and that may be produced from the Property." In their application for temporary and permanent injunctions, the Davidsons claim that they have an interest in the Property, but that "[t]he total damage to [the Davidsons could not] be accurately measured at [that] time, which entitle[d them] to injunctive relief."

[6]The durable power of attorney was dated March 24, 2016.

[7]On behalf of Yarborough, Harding was also granted the power to engage in tangible personal property transactions, stock and bond transactions, commodity and options transactions, banking and other financial institution transactions, business operating transactions, insurance and annuity transactions, litigation, estate matters, personal and family matters, retirement plan transactions, and tax matters.

3

2016 power of attorney was "invalid, null and void." Further, the Davidsons' "pray[ed] for a constructive trust from the proceeds of the sale of said property."

On April 27, 2018, Harding filed a motion to transfer venue,[8] arguing that venue was mandatory in Dallas County under Section 65.023(a) of the Texas Civil Practice and Remedies Code because (1) the Davidsons' suit sought injunctive relief against her and (2) at the time the suit arose, she was a resident of Dallas County.[9] On June 5, 2018, the Davidsons filed their response to Harding's motion to transfer venue in which they averred, "The Plaintiffs sued the Defendant for bilking a relative out of valuable mineral properties by taking advantage of her diminished mental state." The response continued, "To protect [Yarborough] from [Harding,] [the Davidsons] have asked for a constructive trust to be imposed on the properties, and a declaration that certain transactions are invalid. They have also sought an injunction to prevent [Harding] from disposing of, hiding or otherwise taking more property . . . ." The Davidsons argued that venue was proper in Panola County because (1) their lawsuit was not based primarily on injunctive relief, but was, rather, a property dispute regarding property located in Panola County and (2) even if their lawsuit was based on injunctive relief, Harding was still not entitled to a change of venue, taking the position that when two mandatory venue statutes conflict, the plaintiff has the right to elect where the suit is filed.

---

[8]Harding attached to her motion a sworn verification averring that she was domiciled in Dallas County.

[9]Harding also filed a motion to dismiss for lack of subject-matter jurisdiction arguing that the Davidsons did not have standing to file suit seeking to impose a constructive trust on property that was currently owned by Yarborough or to ask that a constructive trust be imposed on proceeds from the sale of 318.126 acres of land that Yarborough sold in 2015. Harding maintained that the Davidsons had no claim to the property owned (or once owned) by Yarborough and had no claim to the proceeds of the sale of the property.

4

On July 9, 2018, the trial court held a hearing on Harding's motion to transfer venue. On July 31, 2018, the trial court denied Harding's motion, and Harding filed the instant petition for a writ of mandamus with this Court on August 10, 2018, asking this Court to conditionally grant her petition and to direct the trial court to (1) grant Harding's motion to transfer venue, (2) vacate the trial court's July 31, 2018, order, (3) enter an order granting Harding's motion to transfer venue, and (4) transfer the pending litigation to Dallas County.

## II.     Availability of Mandamus Relief

Mandamus relief is an appropriate remedy to enforce a mandatory venue provision when a trial court has denied a defendant's motion to transfer venue. *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 735 (Tex. 1998) (orig. proceeding). An appellate court reviews the trial court's ruling on a motion to transfer venue under an abuse of discretion standard. *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding). A trial court has no discretion when determining what the law is or in applying the law to the facts. *See In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding).

## III.     Discussion

Generally, a plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). The defendant may object to the plaintiff's venue choice by filing a motion to transfer venue. *Id.* If a defendant objects to the plaintiff's choice of venue through a motion to transfer, the plaintiff has the burden to present prima facie proof by affidavit that venue is maintainable in the county where the suit has been filed. TEX. R. CIV. P. 87(3); *Mo. Pac. R.R. Co.*, 998 S.W.2d at 216. A plaintiff

5

satisfies this burden "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX. R. CIV. P. 87(3)(a). The prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *Ruiz Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993). "If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue." *Masonite Corp.*, 997 S.W.2d at 197. On this issue, the defendant has the burden of proof. *Id.*

In this case, the trial court was tasked with determining the appropriate venue by analyzing two mandatory venue statutes, that is, Sections 15.011 and 65.023(a) of the Texas Civil Practice and Remedies Code. "A court considers the true nature of the dispute in making the venue determination under section 15.011." *In re Kerr*, 293 S.W.3d 353, 356 (Tex. App.—Beaumont 2009, orig. proceeding) (per curiam). In response to Harding's motion to transfer venue, the Davidsons maintained that venue was proper in Panola County pursuant to Texas Civil Practice and Remedies Code Section 15.011 because the underlying lawsuit involved an interest in real property located in Panola County. Section 15.011 of the Texas Civil Practice and Remedies Code states,

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2017). A party must allege two "venue facts," and establish them by prima facie proof if specifically denied, to show that venue is mandatory

6

under Section 15.011: (1) that the nature of the lawsuit fits within those listed in Section 15.011 and (2) that all or part of the property at issue is located in the county of the lawsuit.[10] *In re Stroud Oil Props., Inc.*, 110 S.W.3d 18, 24 (Tex. App.—Waco 2002, orig. proceeding). It is the ultimate nature or purpose of the suit that determines whether a particular case falls under the mandatory venue statute, and not how the cause of action is described by the parties. *Bracewell v. Fair*, 638 S.W.2d 612, 615 (Tex. App.—Houston [1st Dist.] 1992, no writ). The nature of the plaintiff's claim is governed by the principal right asserted and the relief sought in the plaintiff's petition.[11] *Stroud Oil Props.*, 110 S.W.3d at 25.

In their unverified response to Harding's motion to transfer venue, the Davidsons failed to attach any evidence, in the form of affidavit or otherwise, in support of their position that venue is proper in Panola County.[12] Further, they did not provide prima facie proof that "the nature of the

---

[10]Harding does not contest that the Property is located in Panola County.

[11]In addition to their request for injunctive relief, the Davidsons also maintained that Harding tortiously interfered in their present and expectant property interest in the Property by causing Yarborough to enter into various transactions that affected title to the Property, and she did so at a time when Yarborough lacked the sufficient mental capacity to enter into any agreement concerning the Property. Further, they alleged that Harding exercised undue influence over Yarborough "to enter into the transactions the subject of this suit, including but not limited to kidnaping her and or secreting her in an isolated fashion." The Davidsons maintained that Harding, "through scheme, fraud, kidnapping and undue influence caused [Yarborough] to execute a statutory power of attorney at a time when she lacked sufficient mental capacity." The Davidsons asked the court to impose a constructive trust on any of the assets Harding received, to award money damages, and to order that Harding be disgorged of any assets she received from Yarborough in an amount over $1,000,000.00. In support of their allegations against Harding, the Davidsons attached the affidavit of Danny Buck Davidson, wherein he makes allegations consistent with those averments.

[12]Danny Buck Davidson attached an affidavit in support of the plaintiffs' application for a temporary restraining order, temporary injunction, and permanent injunction, stating, in part,

> 3.     A true and correct copy of the mineral interest and possible surface interest are attached as Exhibit A and B.

> 4.     Plaintiffs are the persons with a present interest in said properties. Plaintiffs also are persons who have an expectancy interests [sic] in the properties listed in Exhibit A and B.

7

suit fits within those listed in section 15.011." *Stroud Oil*, 110 S.W.3d at 24. In reviewing section 15.011, we must keep in mind that the Davidsons are suing Harding, not Yarborough. Simply stated, the Davidsons have not produced prima facie evidence that this suit seeks to partition real property or remove any encumbrance from the title to real property, whether owned by Yarborough or Harding.[13] Moreover, they have not provided prima facie evidence that they seek to recover damages to real property or to quiet title to real property that is or was owned by Yarborough or Harding.

---

5.    Defendant is the person who have [sic] tortuously interfered with Plaintiffs' rights in said property by causing Mary Alice Yarborough to enter into various transactions that effected [sic] the title to said property at a time when Mary Alice Yarborough lacked sufficient mental capacity to execute said documents or to enter into any agreement concerning this property or any other property.

6.    Defendant exercised undue influence on Mary Alice Yarborough to enter into the transactions the subject of this suit, including but not limited to kidnaping her and or secreting her in an isolated fashion.

7.    Alternatively, Defendant de-frauded Mary Alice Yarborough, lied to her and by those means benefitted from the transactions in question.

8.    Defendant through scheme, fraud, kidnaping and undue influence caused Mary Alice Yarborough to execute a warranty deed at a time when she lacked sufficient mental capacity. Exhibit B.

9.    Defendant through scheme, fraud, kidnaping and undue influence cause [sic] Mary Alice Yarborough to execute a statutory power of attorney at a time when she lacked sufficient mental capacity. Exhibit C.

10.   Defendant has by the same means listed above stolen from Mary Alice Yarborough money and other items of value in which Plaintiffs have an interest.

[13]The Davidson focus on Section 15.011, which states, "By statute, a suit that in any way relates to the *title* of real property must be brought in the county where it is located." TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (emphasis added). We can find no issues in the Davidsons' pleadings or the record that relate to title to the Property. As it pertains to Yarborough's property, the record shows that she held title to the surface property prior to its sale; thereafter, she held title to the oil, mineral, and gas interests.

However, in support of their position that the focus of their lawsuit falls within the parameters of Section 15.011, the Davidsons point out that they have asked the trial court to impose a constructive trust on Yarborough's Property and any assets stemming from the sale of the Property. A constructive trust is considered a legal fiction and is a creation of equity to prevent a wrongdoer from profiting from his wrongful acts. *Ginther v. Taub*, 675 S.W.2d 724, 728 (Tex. 1984). A constructive trust is remedial in character and has a broad function of redressing wrong or unjust enrichment in keeping with basic principles of equity and justice. *Meadows v. Bierschwale*, 516 S.W.2d 125, 131 (Tex. 1974). In order for a party to obtain a constructive trust, he must prove: "(1) breach of a special trust, fiduciary relationship, or actual fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing to an identifiable res." *Hubbard v. Shankle*, 138 S.W.3d 474, 485 (Tex. App.—Fort Worth 2004, pet. denied).

In their response to the petition for writ of mandamus, the Davidsons state, "[T]he pleadings establish the real property at issue is mineral interests located in Panola County, and it is settled that a suit for imposition of a constructive trust on real property is a suit subject to the mandatory venue provisions of Section 15.011." In making this assertion, the Davidsons cite *In re Lemons*, 281 S.W.3d 643, 647 (Tex. App.—Beaumont 2009, orig. proceeding). In that case, the primary request for relief was the imposition of a constructive trust on real property and a judgment for damages, interest, and costs. *Id.* at 645. Unlike the facts of this case, there was no request for injunctive relief in *Lemons*. The same is true of the other cases cited by the Davidsons. *See In re Kerr*, 293 S.W.3d 353 (Tex. App.—Beaumont 2009, orig. proceeding); *Madera Prod. Co. v. Atl. Richfield Co.*, 107 S.W.3d 652, 661 (Tex. App.—Texarkana 2003, pet. denied in part,

9

dism'd in part). Regardless of the fact that the Davidsons seek a constructive trust on the property at issue, their lawsuit remains predominately a request for injunctive relief. Moreover, they seek to impose a constructive trust on property owned (or previously owned) by Yarborough, not Harding, who is the sole named defendant in the Davidsons' underlying lawsuit.[14]

The Davidsons have changed their position since the first filing of this lawsuit. When the Davidsons filed their first pleading, they cited Texas Civil Practice and Remedies Code Section 65.023(a) as the controlling statute for venue, pleading that this was primarily a suit "in which the primary relief sought is an injunction against the Defendant . . . ." The Davidsons have abandoned that position. We agree with the first statement that was made by the Davidsons. Section 65.023(a) states,

> Except as provided in Subsection (b), a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled. If the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled.

TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(a) (West 2008). When we examine the Davidsons' petition, it is clear that the primary purpose of their lawsuit is to permanently prevent Harding from selling Yarborough's property based on the allegation that they have an "interest" in the Property. Therefore, because the Davidsons primarily seek injunctive relief against Harding, Dallas County is the proper venue pursuant to Section 65.023(a).

The Davidsons argue, however, that even if Harding proved the primary purpose of this suit was injunctive, venue in Panola County remains proper because "when there is more than one

---

[14]Notably, Yarborough sold the Property months before she named Harding her attorney in fact. As far as we are aware, Yarborough was free to sell her own property without the Davidsons' intervention.

county where jurisdiction is mandatory the plaintiff may choose where to sue." Generally, the venue statutes permit a plaintiff to choose between conflicting mandatory venue provisions. *Marshall v. Mahaffey*, 974 S.W.2d 942, 947 (Tex. App.—Beaumont 1998, pet. denied). In *Marshall*, our sister court held that the plaintiffs could choose between the mandatory venue provisions for suits to recover real property and for slander. *Id*. The court reasoned that neither mandatory venue provision prevailed over the other; thus, the plaintiffs could maintain their suit under either Section 15.011 or Section 15.017 of the Texas Civil Practice and Remedies Code. *Id*.

In the present case, however, one of the mandatory venue statutes originates from outside Chapter 15 of the Texas Civil Practice and Remedies Code. "An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." TEX. CIV. PRAC. & REM. CODE ANN. § 15.016 (West 2017). "Section 15.016 provides that if an action is governed by a separate mandatory venue provision, then the action shall be brought in the county required by the separate venue provision." *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (per curiam) (orig. proceeding). In *Texas Department of Transportation*, the Texas Supreme Court held that venue for the plaintiffs' Tort Claims Act cause of action against the Texas Department of Transportation was proper in Gillespie County, and not Travis County (as had been alleged by plaintiffs). Therefore, it did not consider the effect of the mandatory venue statute asserted by the other defendant. *Id*. at 76–77. Although Gillespie County would have been the proper county under either mandatory venue statute, the court did not reach Gillespie County's 15.015 argument because the operation of Section 15.016 caused venue to be determined by Section 101.102(a) of the Texas Civil Practice and Remedies Code. *Id*. at 76 n.1. When we apply

11

the principles in that case to the facts of this case, the mandatory venue provision for injunctive relief prevails over the venue provision found in Section 15.011.

For these reasons, we find that the Davidsons did not meet their burden of proof to show that venue was proper in Panola County pursuant to Section 15.011. Section 65.023(a) of the Texas Civil Practice and Remedies Code is the applicable mandatory venue statute in this case, thereby, making Dallas County the proper venue. The trial court erred in finding otherwise.

## IV. Conclusion

Based on a review of the record, we conclude that the trial court should have granted Harding's motion to transfer venue to Dallas County. The trial court's denial of her motion amounts to a "clear and prejudicial error of law." *See Applied Chem. Magnesiasi*, 206 S.W.3d at 119. Accordingly, we conditionally grant Harding's petition for writ of mandamus. We direct the trial court to vacate its order denying Harding's motion to transfer venue to Dallas County and, instead, issue an order granting the motion. We are confident that the trial court will comply, and the writ will issue only in the event the trial court fails to do so.



Bailey C. Moseley
Justice


Date Submitted:     October 10, 2018
Date Decided:       October 11, 2018

12