

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00355-CV

---

**IN RE REIDIE JAMES JACKSON, RELATOR**

ORIGINAL PROCEEDING

January 25, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Relator Reidie James Jackson, a prison inmate appearing pro se, filed a petition asking this Court to issue a writ of mandamus against Respondent, the Honorable Douglas Woodburn, judge of the 108th District Court of Potter County compelling Judge Woodburn to rule on an application for writ of habeas corpus Relator filed. Alternatively, Relator asks this Court to treat his application for habeas relief as an original proceeding filed in this Court and grant relief. We will respectfully deny and dismiss Relator's grounds for relief.[1]

---

[1] Relator has been declared a vexatious litigant subject to a prefiling order which prohibits him from filing new litigation without first obtaining permission from the local administrative judge. We initially notified Relator of Texas Civil Practice and Remedies Code Chapter 11's applicability to the present proceeding.

Analysis

In his request for pre-trial habeas relief Relator alleges the State violated the terms of a 1999 Matagorda County plea bargain agreement that resulted in Relator's conviction and now seeks to use that conviction for enhancement purposes in a pending Potter County indictment of Relator. Relator thus challenges the State's use of the 1999 conviction for enhancement in the pending indictment.[2]

**Mandamus**

Relator states he filed his application for habeas relief with the district clerk on September 4, 2019. The copy of the application filed with Relator's petition bears the August 19, 2020 file stamp of the Matagorda County district clerk but not that of the Potter County district clerk. Relator further contends he has twice written Judge Woodburn requesting a hearing of his application but received no response. Also attached to Relator's petition is a motion seeking a ruling on his habeas application. This document also bears only the August 19, 2020 file stamp of the Matagorda County district clerk. A handwritten notation near the document's signature block states "Date 9-23-19." According to Relator, Judge Woodburn abused his discretion by failing to rule on Relator's habeas application.

---

Upon further review, the Court has determined that Relator's petition for writ of mandamus is not a "litigation" as defined by section 11.001(2) of the Civil Practice and Remedies Code. Accordingly, the provisions of Chapter 11, concerning vexatious litigants, are inapplicable. *See* TEX. CIV. PRAC. & REM. CODE ANN. 11.001-.104 (West 2017).

[2] At the outset, Relator's petition is infirm because it lacks an appendix and record containing certified or sworn documents supporting every factual statement in the petition. *See* TEX. R. APP. P. 52.3(j) (certification); (k) (appendix); 52.7(a)(1) (record).

In a criminal law matter to be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *Powell v. Hocker,* 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding), *superseded by statute on other grounds as stated in In re Harding,* 563 S.W.3d 366, 368 n.2 (Tex. App.—Texarkana 2018, orig. proceeding) (citing TEX. GOV'T CODE ANN. § 22.221(b)).

A writ of habeas corpus "shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." TEX. CODE CRIM. PROC. ANN. art. 11.15 (West 2015). Under Code of Criminal Procedure article 11.10 a judge shall appoint a time for examining the applicant's cause, and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed. TEX. CODE CRIM. PROC. ANN. art 11.10 (West 2015). The judge shall also specify some place in the county where the application will be heard. *Id.* An appellate court may issue a writ of mandamus compelling a district court to rule on a pending application for writ of habeas corpus if: (1) the relator establishes the district court had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Villarreal,* 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding).

Relator has not presented a proper record establishing Judge Woodburn's awareness of his application for pre-trial habeas relief. Nothing among the supporting documents filed by Relator, even assuming their proper presentation, shows as fact that

3

the application was filed in Potter County much less brought to Judge Woodburn's attention. Accordingly, Relator's petition for writ of mandamus is denied without prejudice.

**Application for Writ of Habeas Corpus in Court of Appeals**

Alternatively, Relator requests this Court directly entertain his habeas application and grant relief. An intermediate appellate court does not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Hallcy,* No. 07-16-00471-CR, 2016 Tex. App. LEXIS 13874, at *1 (Tex. App.—Amarillo Dec. 30, 2016, orig. proceeding) (per curiam) (mem. op., not designated for publication) (citing TEX. GOV'T CODE ANN. § 22.221(d) (original habeas corpus jurisdiction of intermediate courts of appeals limited to civil matters) and *Watson v. State,* 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. refused)). Instead, habeas jurisdiction in criminal proceedings rests with the Texas Court of Criminal Appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); *Watson,* 96 S.W.3d at 500. Relator's request for habeas relief is accordingly dismissed for lack of subject matter jurisdiction.

Conclusion

For the stated reasons, Relator's petition for writ of mandamus is denied. His alternative application for original habeas relief is dismissed.

Per Curiam